[Crim. No. 629.    Department Two.—October 1, 1900.]

## THE PEOPLE, Respondent, v. FRED BENC, Appellant.

CRIMINAL LAW—POSTPONEMENT OF TRIAL BEYOND SIXTY DAYS—DISMISSAL—"GOOD CAUSE"—ENGAGEMENT IN ANOTHER TRIAL.—The fact that the court is engaged in the trial of another case, the trial of which extends beyond the period of sixty days after the filing of the information, is "good cause," within the meaning of section 1382 of the Penal Code, providing that "the court, unless good cause to the contrary is shown, must order the prosecution dismissed . . . . if a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment or filing of the information."

ID.—CONSENT OF DEFENDANT TO POSTPONEMENTS.—The consent of the defendant to postponements of his trial made from time to time, if not equivalent to a delay granted at his request, is "good cause" for the delay within the meaning of section 1382 of the Penal Code.

ID.—RAPE—CROSS-EXAMINATION OF PROSECUTRIX UNDER AGE—WANT OF CHASTITY—IMPEACHMENT.—Where the prosecutrix is under the age of consent, her testimony to a forcible rape committed by the defendant, and that no one  else had had carnal intercourse with her, cannot be impeached by evidence that she had led an unchaste life.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—HARMLESS ACTION.—Alleged misconduct of the district attorney in stating that the defendant's attorney knew he could not prove want of chastity of the prosecuting witness, is harmless; and alleged misconduct on his part in argument in calling the attention of the jury to the fact that certain witnesses were not called for the defense, is not prejudicial, where the statement was stricken out by the court and the jury were instructed to disregard it.

ID.—EVIDENCE—UNUSUAL APPEARANCE OF PROSECUTRIX—NEARNESS TO EVENT.—The evidence of a member of the family, who had left the house where the alleged rape was committed early in the morning and who returned to the house within one hour after the occurrence, that he noticed that the appearance of the prosecutrix was unusual, that her hair was tousled, her face was red. and that she seemed nervous, was admissible as bearing on the effects of the act charged upon her person, and the time of observation was not so remote from the event as to make the evidence immaterial.

ID.—TESTIMONY OF PHYSICIANS — SUBSEQUENT CONDITION OF SEXUAL ORGANS.—The testimony of physicians as to the condition in which the sexual organs of the prosecutrix were found some four

to six days after the alleged rape is admissible, the remoteness of the evidence going merely to its probative force, of which the jury were the judges.

Id.—Expert Evidence—Possibility of Forcible Rape—Evidence Stricken Out.—The testimony of a physician as to the possibility of forcible intercourse between a man and a well-developed girl, weighing one hundred and thirty-eight pounds, without her consenting to the act, was properly excluded, as not being the subject of expert evidence; and an opinion given by a physician that a man, however strong, cannot commit the act of coition with a vigorous, well-developed woman, while she is struggling to prevent it, which was not responsive to the question asked, was properly stricken out.

Id.—Proportion of True to False Charges of Rape—Incompetent Evidence—Remark of Court.—The statement of a physician on cross-examination, though not objected to, that medical authorities place the proportion of true to false charges of rape as one to twelve, was so clearly incompetent and improper as to render a remark by the court that that statement would have nothing to do with any particular case, which must stand on its own merits, not legally prejudicial to the appellant.

Id.—Reopening Case for Prosecution—Discretion.—The court had discretion to allow the district attorney to reopen the case of the prosecution for further testimony; and there is no error in so doing where no abuse of discretion appears.

Id.—Harmless Instructions—Mode of Exercise of Powers of Jury—Determining Credit of Witness.—Instructions relating to the mode of the exercise of the powers of the jury, in determining the credit of a witness or the corroboration of the prosecutrix, which are not untrue or erroneous, except as they may infringe the province of the jury, are harmless, and not prejudicial error, where they merely tell the jury what they evidently knew, or would evidently do, without being so told.

Id.—Requested Instructions Substantially Given.—It is not error to refuse to give proper instructions requested where the court gave instructions to the same effect of its own motion.

Id.—Opportunity for Rape—Refusal of Instruction.—An instruction requested by the defendant that "the fact that the defendant may have had an opportunity to commit the rape . . . . can have no weight, unless it excludes all reasonable opportunity for its commission by another, and standing alone is insufficient to sustain conviction," was properly refused, because the first part of it is incorrect, and because the instruction infringed upon the province of the jury.

Id.—Consent and Force—Instructions Refused.—The prosecuting witness being under the age of consent, requested instructions involving the subjects of consent and force were properly refused.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Where the prosecu-
trix testified that she scratched the face of the defendant, and
the case had been twice tried, affidavits of persons who met
the defendant from one to three days after the event that they
saw no scratches on his face, which do not satisfactorily meet
the requisites of newly discovered evidence, do not render the
denial of a new trial on that ground  an abuse of discretion.

ID.—SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT — TESTIMONY OF
PROSECUTRIX—ALIBI.—Where the testimony of the prosecutrix, if
believed, is sufficient to support the verdict, they may convict
on her evidence alone; and the truth or falsity of the evidence
being a matter exclusively for the jury, a new trial cannot
be granted because the testimony for the defendant tends
strongly to prove an alibi, and because the jury might properly
have discredited the prosecutrix.

APPEAL from a judgment of the Superior Court of Tulare
County and from an order denying a new trial.   W. B. Wallace,
Judge.

The facts are stated in the opinion.

J. S. Clack, E. W. Holland, and Herman T. Miller, for Ap-
pellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Dep-
uty Attorney General, for Respondent.

CHIPMAN, C.—Defendant was convicted of  the crime of
rape, alleged to have been committed on one Maude Yates, a
female under the age of sixteen years, and he was sentenced
by the court to five years' imprisonment in the  state  prison.
From the judgment and from an order denying his motion for
a new trial defendant appeals.

1. Defendant moved to dismiss the case on the ground that
he had not been brought to trial within sixty days after the
filing of the information.

The record shows that the information was filed March 10,
1899, and the trial began June 6th following.

It appears that the case was continued from March 17th
until May 19th, and that the continuances were all ordered by
consent of defendant.   It also appears that from April 5th un-
til June 1st the court was continuously engaged in the trial of

another cause, and for a time after June 1st, not stated, was also similarly engaged.

Defendant cites section 1382 of the Penal Code, and *People v. Buckley,* 116 Cal. 146. Section 1382 is as follows: "The court, unless good cause to the contrary is shown, must order the prosecution dismissed in the following cases: . . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information."

The fact that the court was engaged in the trial of another case was good cause for excluding the time the court was so engaged from the statutory period of sixty days. *(People v. Henry,* 77 Cal. 445.) We think, also, that if the consent of defendant to the postponements from time to time was not equivalent to an application by him for postponement, it was sufficient excuse for the delay. In *People v. Cline,* 74 Cal. 575, the delay was caused by the defendant objecting to have the cause set down for trial, and the court held this as equivalent to a delay granted at the request of defendant and presumably for his benefit. The court did not err in denying the motion to dismiss.

There are numerous other specifications of errors which call for examination. As some of these depend, more or less, upon the nature of the case before us, it should be remarked that the prosecutrix was a girl less than sixteen years old, strong and in good health; her testimony was that defendant came to her mother's house when no other persons but herself and defendant were there, about 10 o'clock on the morning of February 24, 1899, and while there compelled her by force to submit to his having carnal intercourse with her. It does not seem necessary at this point, if at all, to give the details of the occurrence.

2. Upon the cross-examination of the prosecutrix, defendant sought to show that she had led an unchaste life, and it is now urged that the evidence was admissible, as tending to show whether she spoke the truth in testifying that defendant had forcibly accomplished his purpose, and especially to contradict her testimony that no one previously had ever had carnal intercourse with her. The trial court held that the evidence was immaterial and refused to allow the questions. Defendant

cites *State v. Duffy,* 128 Mo. 549. This case seems to support defendant's contention that the evidence was admissible to contradict the prosecutrix, but it is held the other way by this court. (*People v. Johnson,* 106 Cal. 289.)

3. While this point was under discussion, and after defendant's attorney had commenced to state what he assumed he could show, but was interrupted by the court, the district attorney remarked: "You know very well you couldn't prove any such thing." It is urged that this remark in the presence of the jury was prejudicial to defendant's case and conveyed the impression that defendant's attorneys were attempting to prove something which they knew to be untrue. Conceding this to be misconduct on the part of the district attorney, we do not think that it could have influenced the jury to defendant's prejudice.

4. The witness Ferrill for the prosecution, who lived in the family of the prosecutrix, testified that he left the house in the morning shortly after breakfast, and returned at noon for his dinner, when he found the prosecutrix alone preparing the noon meal. He was asked if he noticed "anything unusual about her appearance," and what her appearance was. Defendant objected as immaterial and incompetent and no part of the *res gestae.* The witness was allowed to answer, and proceeded to describe her appearance. He testified: "Well, noticed her face flushed red, and her hair was all kind of tousled. Her hair was uncombed. That was an unusual condition for her. She generally kept herself neat and clean." To another question, which was objected to, he answered: "She seemed kind of nervous like. She didn't seem to be the same." He also testified that he asked her what made her face so red and answered: "I believe she said she had been standing over the stove." The prosecutrix had testified that defendant accomplished his purpose after 11 o'clock, and that the witness Ferrill returned before 12 o'clock. Evidence of the physical condition or appearance subsequent to the date of the alleged rape, so far as the appearance bore upon the act charged or its effects upon the person of the prosecutrix, was admissible. The time when the witness observed the prosecutrix was not so remote as to make the evidence immaterial.

5. A similar question is presented in the evidence of a physician, Dr. Rosson, who testified to the condition in which he found the sexual organs of the prosecutrix some four to six days after the alleged rape. Defendant objected as immaterial and incompetent and not part of the *res gestae*. The evidence was admissible. It has been held that the condition of the hymen six months after the alleged rape may be shown, the remoteness of the evidence going merely to its probative force. (*Gifford v. People*, 148 Ill. 173.) The jury were the judges of its probative force. The same may be said as to the testimony of the other physicians, to the same effect as that of Dr. Rosson.

6. Defendant asked the witness, Dr. Rosson, the following question: "As a physician, having knowledge of the strength and physical condition and development of a man and of women, do you think it possible for a man to have forcible intercourse with a girl well developed and weighing one hundred and thirty-eight pounds, without her consenting to the performance of such sexual act?" An objection of the district attorney to the question was sustained, and this ruling is claimed to be error. Without stopping to inquire if the proposition involved in this question was admissible at all, under *People v. Johnson, supra,* it is enough to say that it is not a subject for expert opinion. The jury were as competent to answer the question as a physician would be. Therefore, there was no error in the ruling.

7. Dr. Field, called for the prosecution, testified on cross-examination, without objection, that medical authorities place the proportion of true to false charges of rape as one true charge to twelve false ones. The court remarked: "I don't see what that would have to do with any particular case. . . . . Because the guilt or innocence of the defendant would not depend at all upon the proportional cases laid down by physicians in any case. Each case should stand on its own merits." Appellant contends that these remarks were so prejudicial to him as to warrant a reversal; but we do not think so. The statement of the witness which called forth the remark of the court was so clearly incompetent and improper as evidence that it

was quite natural for the court to make the remark complained of; and as appellant had no right to have such a statement go to the jury in the shape of evidence, he cannot complain that he was prejudiced by the remarks of the court. It is, no doubt, better for the court to allow the prosecuting attorney to conduct the examination of witnesses; but in this instance we think it apparent that the appellant suffered no legal prejudice by the remarks of the court, even though it would have been in better taste if the court had refrained from making them.

8. Dr. Combs was a witness for the defendant, and on cross-examination made an answer, not responsive to the question, in which he gave it as his opinion that a man, however strong he may be, cannot commit the act of coition with a vigorous, well-developed woman while she is struggling to prevent it. The court struck out the answer, on the motion of the district attorney, as not responsive and as not proper expert testimony. We see no error in the ruling.

9. The court allowed the district attorney to reopen the case for further testimony. It was within the discretion of the court to do this, and as no abuse of the discretion appears there was no error.

10. During the argument for the prosecution the deputy district attorney mentioned the fact that the witness Dr. Reed, "who knew about the marks on defendant's face and was subpoenaed by the defense, was not called as a witness by the defense; also that Chambers, the constable who arrested the defendant, was not called by the defense"; to which statement defendant objected as prejudicial to the rights of the defendant. "Thereupon the court ordered the statement stricken out and instructed the jury to disregard it." In *People v. Lee Chuck,* 78 Cal. 317, the reprehensible conduct of the district attorney was called to the attention of the trial court, but the court declined to check the attorney. In the present case the court promptly ordered the remarks stricken out and instructed the jury to disregard them. We do not think that the incident is ground for reversal. (*People v. Ah Fook,* 64 Cal. 380.)

11. It is urged that the court erred in giving the following instruction: "The degree of credit due to a witness should be determined by his character and conduct, by his demeanor

on the stand, his relation to the controversy and the parties, his hopes, his fears, his bias and his partiality, the reasonableness of the statements he makes, the strength or weakness of his recollection viewed in the light of all the testimony, the facts and circumstances in the case."

It is claimed that the jury were thus told how they should determine the degree of credit due to a witness, and that it was an invasion of the province of the jury, who are the sole judges of the credibility of the witnesses. *People v. Newcomer*, 118 Cal. 263, is cited, where, among other things, the court said: "It is not proper for the court to direct them [the jury] as to the methods by which they shall exercise their own powers." While condemning this form of instruction the court said "it could not possibly have done any harm; for it was merely telling the jury to do certain things which jurors would evidently do without being so told"; and for the same reason the instruction here complained of was not prejudicial error.

12. The jury were instructed that if they found from the evidence that the mother of the prosecutrix was the first person she saw in whom she was expected to place confidence after the offense was alleged to have been committed, and that she communicated to her mother at the first opportunity that her person had been forcibly outraged, as charged in the information, "then you have a right to consider such communication as a circumstance in corroboration of the testimony of Maud Yates," the prosecutrix. It is contended by appellant that this was an instruction as to the weight and force of evidence and facts, and was thus an encroachment upon the province of the jury. Conceding that this was an improper instruction, because infringing upon the province of the jury within the rule so often declared here, still it was plainly not prejudicial to the appellant. The instruction was not, in itself, wrongful or erroneous; and as was said in *People v. Newcomer, supra,* and in other cases decided by this court, the instruction was merely telling the jury things which the jurors evidently knew without being so told.

13. Conceding that the first instruction asked by defendant and refused was proper and should have been given, it was not

error to refuse it, for the reason that the court gave one to the same effect on its own motion. The same may be said of defendant's instruction numbered 2.

14. Defendant asked the following instruction, which was refused: "The fact that the defendant may have had an opportunity to commit the rape . . . . can have no weight unless it excludes all reasonable opportunity for its commission by another, and, standing alone, is insufficient to sustain conviction." This instruction was properly refused: 1. Because the first part of it is incorrect, and, therefore, there was no error, under any view, in refusing the instruction as a whole; and 2. The instruction, if given, would have been an infringement upon the province of the jury in the same manner as instructions by the court objected to by appellant as hereinbefore stated, were infringements upon the province of the jury. There is nothing in the case of *People v. Tarbox,* 115 Cal. 57, which would make the refusal to give this instruction error.

15. Instructions 9 and 13, asked by defendant, were properly refused because they introduced the elements of consent and force, which have nothing to do with cases of this class. The portions of these instructions with the consent and force elements eliminated were in effect given elsewhere by the court.

16. It is urged that a new trial should have been granted on the ground of newly discovered evidence. Several affidavits of persons who claim to have met the defendant at different times from one to three days after the alleged offense was committed were used on the motion. These persons stated that they saw no scratches or marks on defendant's face, and some of affiants stated they were quite sure they would have noticed any such scratches if there had been any there.

There was evidence introduced at the trial by defendant to this same effect. These affiants were friends or acquaintances of defendant whom he met. The case was tried once before. The requisites to granting a new trial on the ground of newly discovered evidence will be found stated in *People v. Urquidas,* 96 Cal. 239. We cannot see that these requisites are satisfactorily met in the present case; nor can we say that the court abused the discretion with which the law clothes it in applications made on this ground.

17. Finally, it is very strongly urged that the evidence was insufficient to justify the verdict of guilty. We have carefully scrutinized the testimony, as requested by defendant's counsel.

The defendant denies the story told by the prosecutrix *in toto,* and testifies that he was not at the Yates house at all on the day of the alleged rape. His alibi is his principal reliance, and is clearly supported by the testimony of his wife, and, to some degree, by other witnesses who testified that they saw defendant about 11 o'clock on February 24th at a different part of the town from the Yates house. There is quite enough evidence to have warranted the jury in discrediting the story as told by the prosecutrix. But we cannot say that it was such as to convince us that the verdict was given under the influence of passion or prejudice. If the jury believed the prosecutrix they could convict on her evidence alone (*People v. Logan,* 123 Cal. 414); and we do not think the case here is one, as was suggested in *People v. Logan, supra,* where the court would be authorized, as matter of law, to deal with the improbability of the evidence. The verdict finds support in the evidence and its truth or falsity was a matter exclusively with the jury.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland J., Temple, J., Henshaw, J.