[Civ. No. 12687. Second Appellate District, Division Two.—July 9, 1940.]

LEE DEARTH, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

James J. McCarthy for Petitioner.

J. H. O'Connor, County Counsel, and Douglas DeCoster, Deputy County Counsel, for Respondent.

WOOD, Acting P. J.—In this proceeding petitioner seeks a writ of *mandamus* to require the Superior Court of Los Angeles County to dismiss a criminal action pending against him on the ground that he has not been brought to trial within the time required by law. From the petition and the answers thereto the following facts appear: An information was filed against petitioner in the superior court on February 21, 1940, charging him with the violation of subdivision 3 of section 337a of the Penal Code. He entered a plea of not guilty in department 41 on February 26th, and his trial was set for March 27th in department 44. On the last-mentioned date petitioner appeared in department 44 and answered ready for trial but the judge presiding in that department on his own motion continued the trial to April 22d, at which date petitioner again appeared ready for trial but the trial date was continued to April 23d. Petitioner appeared on

April 23d in department 44 ready for trial but the presiding judge of respondent court had assigned a civil case to department 44 for trial and the judge presiding in department 44 commenced the trial of the civil case and continued the trial of petitioner to April 26th. On April 24th petitioner moved the court to dismiss the action pending against him on the ground that he had not been brought to trial within 60 days as required by section 1382 of the Penal Code. The judge presiding in department 44 denied petitioner's motion and in commenting on the motion stated for the record that he was ready to try petitioner's case on April 23d if the presiding judge had not assigned a civil case to his court for trial. On April 26th petitioner again appeared in department 44 and moved the dismissal of the action on the ground that he had not been brought to trial within the time provided by law, but the motion was denied and the action transferred to department 41, the master calendar department of respondent court. Petitioner's motion to dismiss was again made before the judge of the master calendar department and was by him denied and petitioner's trial was continued to May 13th in department 41. Thereafter petitioner applied to this court for a writ of *mandamus* and an alternative writ was issued herein on May 9, 1940.

The Constitution of California, article I, section 13, provides that in criminal prosecutions "the party accused shall have the right to a speedy and public trial". In section 1382 of the Penal Code it is provided: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information." In 1927 the legislature added section 1050 to the Penal Code by which it is provided that criminal cases shall be given precedence over civil matters and that if the court is unable to hear all criminal cases pending before it within 30 days after the respective defendants have entered their pleas it must immediately notify the chairman of the judicial council. Upon the constitutional provision and in accordance with the requirement of section 1382 of the Penal Code it was the duty of the court to dismiss the action against petitioner unless good cause was shown why the action was not sooner brought

to trial. The burden was upon the prosecution to show the existence of good cause why petitioner was not brought to trial within the 60-day limit. (*People* v. *Angelopoulos,* 30 Cal. App. (2d) 538 [86 Pac. (2d) 873] ; *In re Ford,* 160 Cal. 334 [116 Pac. 757, Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882].)

■ It is pointed out by respondent that petitioner is deemed to have consented to several of the continuances for the reason that no objections were made at the time the continuances were ordered. Be that as it may, there can be no question but that petitioner objected to a further continuance on April 24th in department 44 and also on April 26th in the master calendar department. The 60-day period had at that time expired and no sufficient cause was shown why petitioner could not have been brought to trial at the times when his motions for dismissal were made. The nearest approach to a showing of cause for delay appears in the answer filed herein on behalf of respondent in which it is set forth that a protracted criminal trial had been transferred to a civil department of respondent court and that for this reason the presiding judge had assigned civil cases to department 44. To comply with the provision contained in section 1050 of the Penal Code that criminal matters should be given precedence over civil matters and to enable defendants in criminal actions to have the speedy trials which are guaranteed by the Constitution, a greater number of judges should have been assigned to departments handling criminal matters. There are fifty judges in the Superior Court of Los Angeles⸞ County, and the showing that a large number of civil cases were pending does not excuse the failure to assign a sufficient number of judges to handle criminal matters. Nor was there any showing made that the chairman of the judicial council was notified that a sufficient number of judges was not available to try criminal cases. In rule 25, adopted by the judicial council for the guidance of the superior court, it is provided that the departments handling criminal cases ''shall be sufficient in number to hear all criminal cases within the time required by law''. Petitioner is unquestionably entitled to relief by a proceeding in *mandamus.* (*In re Ford, supra.*)

Let a peremptory writ issue.

McComb, J., concurred.