[Crim. No. 3026.   First Dist., Div. Two.   June 4, 1954.]

In re JOHNNY VACCA, on Habeas Corpus.

Henry J. Kleefisch for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, William K. Coblentz, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Cecil Poole, Assistant District Attorney, for Respondent.

NOURSE, P. J.—The petitioner seeks his release on a writ of habeas corpus for the delay in bringing his case to trial within the 60-day period specified in section 1382 of the Penal Code.

The facts are without dispute.   An information was filed on January 14, 1954, charging the defendant with the crime of grand theft and three prior convictions of a felony.   On January 22, 1954, petitioner was arraigned and pleaded not guilty.   On February 11, 1954, the case was continued successively to March 3d, March 26th and April 12th.   All these continuances were granted over the objection of the defendant who asserted that he wanted an immediate trial.   The ground for each continuance was that the court was then engaged in the trial of another defendant, one who in each case had been informed against prior to the information filed against this plaintiff.   The record inescapably shows that no one of

the orders continuing the case for trial was arbitrary or capricious but that each was made solely on the ground that the court was then engaged in the trial of other defendants whose cases preceded in date of information filed that of this petitioner.

On almost identical facts the District Court of Appeal in *Dearth* v. *Superior Court,* 40 Cal.App.2d 56 [104 P.2d 376], granted a writ of mandate to dismiss a criminal action because it was not brought to trial within 60 days as prescribed by article I, section 13, Constitution of California and no good cause to the contrary was shown. The court there held:

"The Constitution of California, article I, section 13, provides that in criminal prosecutions 'the party accused shall have the right to a speedy and public trial.' In section 1382 of the Penal Code it is provided: 'The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his. application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information.' In 1927 the legislature added section 1050 to the Penal Code by which it is provided that criminal cases shall be given precedence over civil matters and that if the court is unable to hear all criminal cases pending before it within 30 days after the respective defendants have entered their pleas it must immediately notify the chairman of the judicial council. Upon the constitutional provision and in accordance with the requirement of section 1382 of the Penal Code it was the duty of the court to dismiss the action against petitioner unless good cause was shown why the action was not sooner brought to trial. The burden was upon the prosecution to show the existence of good cause why petitioner was not brought to trial within the 60-day limit. (*People* v. *Angelopoulos,* 30 Cal.App.2d 538 [86 P.2d 873]; *In re Ford,* 160 Cal. 334 [116 P. 757, Ann.Cas. 1912D 1267, 35 L.R.A.N.S. 882].) . . . To comply with the provision contained in section 1050 of the Penal Code that criminal matters should be given precedence over civil matters and to enable defendants in criminal actions to have the speedy trials which are guaranteed by the Constitution, a greater number of judges should have been assigned to departments handling criminal matters. There are fifty judges in the Superior Court of Los Angeles County, and the showing that a large number of civil cases were pending does not excuse the failure to assign a sufficient

number of judges to handle criminal matters. Nor was there any showing made that the chairman of the judicial council was notified that a sufficient number of judges was not available to try criminal cases. In rule 25, adopted by the judicial council for the guidance of the superior court, it is provided that the departments handling criminal cases 'shall be sufficient in number to hear all criminal cases within the time required by law.' "

Here, as in *Dearth* v. *Superior Court, supra*, the motion to dismiss was made after the 60th day. Here, also, no showing was made that the Chairman of the Judicial Council had been notified that a sufficient number of judges were not available to try criminal cases. Here, also, no showing has been made as to why more departments of the court were not assigned to hear criminal matters.

We conclude that no good cause, or any cause, has been shown why petitioner was not brought to trial within the 60-day constitutional limit.

Let a writ issue as prayed discharging petitioner from custody.

Dooling, J., and Kaufman, J., concurred.