[Civ. No. 16231. First Dist., Div. Two. June 4, 1954.]

ALFRED SIGLE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[Civ. No. 16232. First Dist., Div. Two. June 4, 1954.]

BENNIE BARRISH, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Nathan Cohn for Petitioners.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, William K. Coblentz, Deputy Attorney General, Thomas C. Lynch, District Attorney, and Cecil Poole, Assistant District Attorney, for Respondents.

NOURSE, P. J.—These companion cases present a demand for a writ of mandate to the superior court requiring the dismissal of a criminal action because trial was not had within 60 days after the finding of an indictment as required by section 1382 of the Penal Code. The defendant Barrish in case Number 16232 has filed an identical petition with that in 16231 and has asked for the same relief. The two cases will be treated in one opinion and separate judgments will be entered.

The State concedes that the parties were not brought to trial within the statutory time and rests on the defense that the circumstances show a sound and reasonable excuse for the delay. If this is so the writs must be denied.

The two petitioners were codefendants in the criminal indictments with one Tarantino, both charging conspiracy. The same Tarantino was joined with another defendant in another indictment. All actions were assigned to the same department of the superior court. The last mentioned case went to trial on September 22, 1953, and continued for 90 trial days. Following a verdict of guilty, various motions were made on behalf of Tarantino ending in a sentence to the state penitentiary on February 26, 1954.

The record shows that on May 11, 1953, Barrish and Sigle demanded an immediate trial and on May 18, 1953, they made their first motion to dismiss because they had not been brought to trial in 60 days. They have persistently on almost innumerable occasions made similar demands and motions since, both before and after the trial of Tarantino on the other charge. At the time when they filed their petitions with this court, on April 9, 1954, they still had not gone to trial and no trial date has been set.

We are fully aware of the rule of *In re Lopez*, 39 Cal.2d 118 [245 P.2d 1] and *Ferenz* v. *Superior Court*, 53 Cal.App.2d 639 [128 P.2d 48]. There it was held that the determining factor in cases of this kind is whether a good cause is shown—such as the crowded condition of the court's business. But we cannot conclude that good cause has been shown here within the rule of the cited cases. (*Dearth* v. *Superior Court*, 40 Cal.App.2d 56 [104 P.2d 376].)

To comply with the provision contained in section 1050 of the Penal Code that criminal matters should be given precedence over civil matters and to enable defendants in criminal actions to have the speedy trials which are guaranteed by the Constitution, a greater number of judges should have been assigned to departments handling criminal matters. There are 22 judges in the Superior Court of the City and County of San Francisco, and the showing that a large number of civil cases were pending does not excuse the failure to assign a sufficient number of judges to handle criminal matters. Nor was there any showing made that the Chairman of the Judicial Council was notified that a sufficient number of judges was not available to try criminal cases. In rule 35, adopted by the Judicial Council for the guidance of the superior court,

it is provided that the departments handling criminal cases shall be sufficient in number to hear all criminal cases within the time required by law. (*Dearth* v. *Superior Court, supra.*)

Let a peremptory writ issue as prayed in both causes.

Dooling, J., and Kaufman, J., concurred.