[Crim. No. 3078. First Dist., Div. One. Mar. 29, 1955.]

THE PEOPLE, Respondent, v. JOHNNY VACCA, Appellant.

Henry J. Kleefisch for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

PETERS, P. J.—Appellant was convicted of three counts of grand theft. He appeals from the judgment of conviction and from the order denying his motion for a new trial. His sole contention is that, because a prior information charging grand theft, involving one of the charges here involved, was dismissed for failure to prosecute within the time permitted by law (*In re Vacca,* 125 Cal.App.2d 751 [271 P.2d 162]), the later indictment based in part on the same offense, was illegal and void. There is no merit to the contention.

The record is incomplete. Based largely upon the facts set forth in the opinion in the case of *In re Vacca,* 125 Cal.App.2d 751 [271 P.2d 162], it appears that an information was filed against appellant on January 14, 1954, charging him with grand theft and three prior felony convictions. On June 4, 1954, the appellate court granted Vacca a writ of habeas corpus discharging him from custody on the ground that he had not been brought to trial within the time provided by law. (*In re Vacca,* 125 Cal.App.2d 751 [271 P.2d 162].) Thereafter, on June 10, 1954, Vacca was indicted on three felony counts of grand theft, and charged with three priors. On arraignment, and later at the time of trial, his motions to quash the indictment, on the ground that it involved the same offenses involved in the information upon which he had been discharged, were denied.

Although the record does not disclose that any of the offenses involved in the indictment were identical with those involved in the dismissed information, it may be assumed that one or more of them were the same. Even so, appellant's legal rights were not adversely affected by a subsequent indictment, not barred by the statute of limitations, for the same charge involved in the dismissed information. ▮ Section 1387 of the Penal Code expressly provides:

"An order for the dismissal of the action . . . is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony." Under this section, while the accused is protected from having criminal charges pending against him an undue length of time (and received such protection in this case by having the information dismissed), such dismissal does not bar subsequent prosecution for the same offense, when the subsequent charge is a felony and is filed within the period of the statute of limitations. (*In re Begerow,* 136 Cal. 293 [68 P. 773, 56 L.R.A. 528]; *People v. Dawson,* 210 Cal. 366 [292 P. 267]; *People v. Palassou,* 14 Cal.App. 123 [111 P. 109]; *People v. Godlewski,* 22 Cal.2d 677 [140 P.2d

381] ; see cases collected 30 A.L.R.2d 462; 14 Cal.Jur.2d 349, § 126.)

The judgment and order denying the motion for a new trial are affirmed.

Bray, J., and Wood (Fred B.), J., concurred.