[Civ. No. 17594. First Dist., Div. Two. June 19, 1957.]

STEPHEN COWAN HERRICK, Appellant, v. THE MUNICIPAL COURT FOR THE SOUTHERN JUDICIAL DISTRICT etc., Respondent.

Sullivan & West for Appellant.

Edmund G. Brown, Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—This is an appeal from an order denying a petition for a writ of prohibition and discharging an alternative writ of prohibition. A verified petition for the above writ was filed on June 1, 1956, in the Superior Court of San Mateo County alleging that appellant had been denied his right to a speedy trial in a misdemeanor case. The petition was heard by Judge Aylett R. Cotton.

Appellant, Stephen Cowan Herrick, was arrested April 3, 1956. On April 6th, a complaint was filed charging him with violating Vehicle Code, section 502, with a prior offense also being charged. On April 13th, the case was continued for arraignment at the request of the defendant until April 23d. On April 18th, appellant waived the arraignment, entered a plea of not guilty, and requested a trial by jury. At this time, appellant advised the court that he was not waiving nor would he waive time. The case was assigned for trial by

jury on June 8, 1956. On May 14th, appellant filed an affidavit in support of motion to dismiss on the grounds that defendant had not been brought to trial within 30 days after the date of his arrest, as required by section 1382, subdivision 3 of the Penal Code. On May 21st, this motion was heard in the municipal court by Judge Edward I. McAuliffe and after oral arguments by both sides the court denied the motion.

It was shown, at the above hearing, that 48 days had elapsed from the date of arrest to the date of hearing on the motion. The court stated that in fixing the trial date for June 8, 1956, it was aware the trial was being set beyond the 30-day period. The reasons given were that there were 13 criminal cases set for jury trial between April 18 and June 8, 1956; there were two holidays during said period; and, after checking the calendar for said period, it was found that a full day was not available for trial of this case.

The court indicated there were two departments of the municipal court, one of which was only concerned with civil cases between April 3 and June 8th. The court further stated: "I doubt whether this matter would have been set for trial regardless of the fact that the civil judge may have been available by setting his own calendar aside. I don't know where the trial would have been heard. There is only one jury box for two courts here."

Appellant then filed a petition for writ of prohibition in the Superior Court of San Mateo County, restraining the trial court from taking any further action in the case. An alternative writ of prohibition was issued. This alternative writ was later discharged and appellant's petition denied. Appellant appeals from this denial.

Appellant contends a showing by the municipal court that one of its two departments could not assign the instant case for trial, and did not try said case within a period of 30 days, by reason of the fact that it could not find a full day to devote to the trial of this case because of a full calendar, while the other department of the court was solely concerned with civil matters, during all of said time, does not constitute good cause for failure to try said case, as required by section 1382, subdivision 3 of the Penal Code. The section reads as follows:

"1382. The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

". . . . . . . . . . . . . .

"3. Where the trial has not been postponed upon the defendant's application, if the defendant in a misdemeanor case in an inferior court, is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court, unless by his own neglect or failure to appear in court when his presence is lawfully required, his trial must be postponed or in case a new trial is to be had following an appeal from an inferior court, if the defendant is not brought to trial within 30 days after the remittitur is filed in the trial court or within 30 days after the judgment on appeal becomes final, if the new trial is to be held in the superior court."

When it has been established that a defendant in a criminal proceeding, who has not waived time, has not been tried within the 30-day period, the action must, upon his motion, be dismissed, unless good cause existed for the delay. The burden of proving that good cause exists is upon the prosecution. (*People* v. *Marino,* 85 Cal. 515 [24 P. 892].)

If good cause is shown for not trying the defendant within the period prescribed by law, the defendant is not entitled to relief. (*Harris* v. *Municipal Court,* 209 Cal. 55, 64 [285 P. 699].) What constitutes good cause depends on the circumstances of each case. (*People* v. *Godlewski,* 22 Cal.2d 677 [140 P.2d 381]; *Muller* v. *Justice's Court,* 129 Cal.App. 2d 570 [277 P.2d 866].)

Appellant correctly cites *In re Vacca,* 125 Cal.App. 2d 751 [271 P.2d 162]; *People* v. *Buckley,* 116 Cal. 146 [47 P. 1009]; *Dearth* v. *Superior Court,* 40 Cal.App.2d 56 [104 P.2d 376]; *People* v. *Molinari,* 23 Cal.App.2d Supp. 761 [67 P.2d 767] and *Sigle* v. *Superior Court,* 125 Cal.App.2d 747 [271 P.2d 526], for the proposition that a showing that a large number of civil cases were pending does not excuse failure to assign a sufficient number of judges to handle criminal cases. No proof was offered that the trial court had advised the Judicial Council of the fact that it could not keep abreast of its criminal cases as required by law.

In *Sigle* v. *Superior Court, supra,* the court stated at page 748:

"To comply with the provisions contained in section 1050 of the Penal Code that criminal matters should be given precedence over civil matters and to enable defendants in criminal actions to have the speedy trials which are guaranteed by the Constitution, a greater number of judges should have been assigned to departments handling criminal matters. There

are 22 judges in the Superior Court of the City and County of San Francisco, and the showing that a large number of civil cases were pending does not excuse the failure to assign a sufficient number of judges to handle criminal matters. Nor was there any showing made that the Chairman of the Judicial Council was notified that a sufficient number of judges was not available to try criminal cases. In rule 35, adopted by the Judicial Council for the guidance of the superior court, it is provided that the departments handling criminal cases shall be sufficient in number to hear all criminal cases within the time required by law. (*Dearth* v. *Superior Court, supra.*)''

Respondent argues the courts in *In re Vacca, supra,* and *Sigle* v. *Superior Court, supra,* were influenced by the fact that there were other judges available in the county to hear criminal cases and there was no showing the Judicial Council was notified of the lack of judges. He attempts to distinguish these facts from the case at bar by arguing the availability of another judge, or even the assigning of additional judges, would have been useless because of the lack of facilities. He states that the fact that there was no date available for trial because of a congested criminal and civil calendar between the time of arraignment on April 18th and June 8th, coupled with the fact that there was only one jury box for both departments constitutes ''good cause'' for the delay.

Appellant answers this argument by contending that the burden is placed upon the state under section 1135 of the Penal Code to provide a jury room. There is no requirement that any particular portion of a courtroom be set aside as a formal ''jury box'' and under section 1128 of the Penal Code, the jurors may, if they wish, deliberate their verdict in court.

Respondent also argues since any delays in prosecution in the early stages were occasioned by the appellant's own request for a continuance to April 23d, this period should be subtracted from the total period of delay between the arrest and the hearing on the motion to dismiss. While a 10-day continuance was requested, the case was actually heard five days later, appellant therefore argues only five days should be subtracted even if the court should follow respondent's view.

Respondent contends the 30-day period should relate back to the date the complaint was filed and not to the date when appellant was arrested. As authority, he cites *People* v. *Godlewski,* 22 Cal.2d 677 [140 P.2d 381] ; and *Harris* v. *Mu-*

*nicipal Court,* 209 Cal. 55 [285 P. 699]. Appellant replies such an interpretation is in violation of the wording of section 1382, subdivision 3 of the Penal Code, which states a prosecution must be dismissed if a defendant in a misdemeanor case ". . . is not brought to trial within 30 days after the defendant is arrested and brought within the jurisdiction of the court . . ." The appellant was within the jurisdiction of the court at the time of his arrest. In *People* v. *Godlewski, supra,* the court was only concerned with the question of when time commenced to run when there was an information against a person already in prison and held that it started from the time the prisoner made demand upon the district attorney that he be brought to trial in accordance with the exact wording of section 1381 of the Penal Code. In the Harris case, the defendant had not been arrested on any charges prior to the filing of the complaint.

Respondent states the rule in *In re Lopez,* 39 Cal.2d 118 [245 P.2d 1], is applicable to this case. The court stated at page 120: ". . . But the further delay must not be unreasonable and good cause is shown where the condition of the court's business would not permit the trial to proceed." The defendant had agreed to postponement of the trial beyond the 60-day period and only after the 60-day period had passed did he object to further extensions. There was no agreement in the case at bar to a continuance beyond the 30-day period and the defendant continually stated he did not waive time. Respondent cites several cases for the view that congested calendars may give a court good cause for a delay. In *People* v. *Benc,* 130 Cal. 159 [62 P. 404], the defendant agreed to delays beyond the 60-day period before objecting. The case was heard in Tulare County where, at that time, there was only one superior court judge. In *Muller* v. *Justice's Court,* 129 Cal.App.2d 570 [277 P.2d 866], the case was set for trial in the presence of the defendant, acting as his own counsel, he made no objection to the fact that the date was beyond the statutory period. Therefore, the court deemed the objection was waived. On the date set for hearing, the defendant requested a change of venue which was granted. He then instituted proceedings in prohibition seeking to prevent any trial from being held. When the defendant, himself, prevents the case from being heard within the statutory period, he cannot complain. In *People* v. *Fegelman,* 66 Cal.App.2d 950 [153 P.2d 436], the court found that good cause did not exist and dismissed the action. In *People* v. *Holmes,* 13 Cal.App.

212 [109 P. 489], it did not appear that the defendant objected to the setting of the trial on a date more than 60 days after filing of the information.

██ It is our view that "good cause" has not been shown in this case. There is no showing that the Judicial Council was informed of the lack of judges available to try criminal cases. ██ The existence of a formal jury box should not be deemed necessary for the trying of a jury case. It appears from the facts that the trial would have taken only one day. Certainly, the civil calendar could have been set aside for one day so a criminal matter could be heard.

In view of the foregoing the order denying the writ of prohibition must be reversed.

Order denying writ of prohibition reversed with directions to the court below to issue the writ.

Dooling, J., and Draper, J., concurred.