Stephen J. Blaser, Blackfoot, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Leslie Goddard, Deputy Atty. Gen., for plaintiff-respondent.

HUNTLEY, Justice.

This appeal is from a decision of the District Court holding that the requirement of I.C. § 19–3501(2) that prosecutions or indictments be dismissed if the defendant is not brought to trial within six months is not applicable to misdemeanor cases initiated by complaint.

We affirm for the reasons set forth in the well-reasoned and comprehensive analysis set forth in the Memorandum Decision of the District Judge, Bingham County Case no. 3037, filed February 22, 1982.

DONALDSON, C.J., and SHEPARD and BAKES, JJ., concur.

BISTLINE, Justice, concurring separately.

Agreeing with the view of the Court's opinion that we should affirm, and agreeing

663 P.2d 1101

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Ruth C. CONRAD, Defendant-Appellant.**

No. 14536.

Supreme Court of Idaho.

May 19, 1983.

further that the district judge, the Honorable Arnold T. Beebe, wrote an admirable memorandum decision but, at the same time believing that, if the Court adopts that opinion as its own, for the benefit of the trial bench and bar it should be made readily available, it will be found appended hereto in footnote print—my assumption being that the Court's hesitation to do so is founded solely on economical considerations. In my view it is also appropriate that the Court set forth its own view of Judge Beebe's holding—even as the Court often does in commenting or eludicating upon its own earlier decisions. The Court does not do so; as one member of the Court, I will.

As Judge Beebe points out, the magistrate dismissed the misdemeanor charge on the basis of I.C. § 19–3501—which applies to felony offenses—with which Judge Beebe did not agree and on which point I join his view. In his view

"a magistrate considering dismissal of a misdemeanor charge on the ground that a speedy trial has not been provided, should employ a factual analysis such as that outlined in *State v. Carter,* [103 Idaho 917, 655 P.2d 434 (1982)] which was set forth initially in the U.S. Supreme Court Case of *Barker v. Wingo,* 407 U.S. 514 [92 S.Ct. 2182], 33 L.Ed.2d 101 (1972). Such an analysis necessarily rests within the sound discretion of the court based on the circumstances of the case in which the conduct of both the prosecution and defendant are weighed. The exercise of such discretion could include consideration of guidelines established for more serious crimes. *See Barker,* [407 U.S. at 529, 92 S.Ct. at 2191] 33 L.Ed.2d at 116. A balancing test compels an ad hoc approach to speedy trial cases."

R., pp. 18–19.

I do not see that the big guns of *Barker v. Wingo* need to be brought into action in resolving speedy trial claims in misdemeanor cases. But, accepting arguendo that it does shed light on federal constitutional claims of the right to a speedy trial, in *State v. Carter,* 103 Idaho 917, 655 P.2d 434 (1982), our most recent case involving that

issue in a felony case, this Court relied upon *State v. Lindsay,* 96 Idaho 474, 531 P.2d 236 (1975). A reading of *Lindsay* brings forth the language of Justice Shepard which succinctly and nicely stated that the issue "must be decided by reference to considerations in addition to the mere passage of time." 96 Idaho at 475, 531 P.2d at 237. He went on to state this Court's view that:

"In *Barker,* the U.S. Supreme Court recognized that speedy trial cases must be dealt with on an *ad hoc* basis, held that a balancing test was the appropriate method to approach speedy trial questions and set forth four factors determinative of whether a speedy trial had been denied. Those factors were—length of delay, reasons for the delay, the accused's assertion of his right, and prejudice to the accused occasioned by the delay. It was also stated in *Barker* that the length of delay is said to be a 'triggering mechanism' for the invocation of judicial scrutiny."

96 Idaho at 475–76, 531 P.2d at 237–38.

Accepting that view of *Barker v. Wingo,* and not disagreeing with Judge Beebe's formula for the guidance of magistrates confronted with the issue on a federal claim, it seems to me that the issue is *wholly* controlled by I.C. § 19–3909, and procedures taken thereunder should suffice on *any* claimed deprivation of a speedy misdemeanor trial:

"Before the commencement of a trial in any of the courts mentioned in this chapter [magistrate's division], either party may, upon good cause shown, have a reasonable postponement thereof."

That statute, although in earlier days applicable to justice courts and probate courts, has been part of the code of criminal procedure since fifteen years before statehood. Hence it was necessarily known to the framers of the *Idaho* Constitution and tells us exactly what they had in mind as to misdemeanors when they placed in our Constitution "the right to a speedy and public trial," as is guaranteed by Art. 1, § 13.

Under the facts of this case, the People, as represented by the prosecution, were clearly entitled to a reasonable postpone-

ment of the trial, but improperly obtained it.

Not disagreeing with Judge Beebe, I nevertheless believe we would better serve the trial bench and bar by referring them to the provisions of I.C. § 19–3909 which, for over one hundred years has authorized reasonable postponements in misdemeanor cases. In the record before us I am unable to see that either the prosecutor or defense counsel ever invited the attention of Judge Brower or Judge Beebe to the controlling statute. Judge Beebe on his own referred to it, but apparently did not rely upon it.

The deputy prosecuting attorney in his brief to the district court urged upon Judge Beebe that Judge Brower had acted inconsistently in granting the postponement and thereafter dismissing because of the delay, declaring that "we do not believe that a Court should grant a continuance and then later dismiss the case because of the continuance. If the Court does not feel good cause was shown for the continuance, it should have denied the same and required the State to present its case as scheduled." Earlier in the prosecutor's brief is the statement to the effect that on the filing of the prosecutor's motion for a continuance, it was granted. In that manner the prosecutor glossed over the fact that, as the record so shows, the motion was granted on the same day it was presented, without any notice or opportunity to appear afforded defendant or her counsel—a startling deficiency in due process of which it does not appear that Judge Beebe was made aware, although it stands out rather prominently in a very short record which shows that the order was so entered some nineteen days before the scheduled trial date.

Ignoring the fact that the prosecutor's motion was a rather unilateral affair, and excusing his apparent ignorance of different statutes, one for felonies, and one for misdemeanors, it is not understood why the office of the attorney general would not bring the proper statute to our attention. Its brief does not do so.

The brief of the State filed in this Court made a considerable point that "No objection was made by defense counsel of the State's motion for continuance." If that motion had been served, and properly noticed for hearing, the point would be valid. The State, while relying upon the unavailability of a critical witness as good cause reason for the delay, completely ignores the fact that good cause should have been decided on motion and notice prior to the order of postponement—and not *ex parte* as this record discloses was the case.

The holding of Judge Beebe was simply to set aside the order of dismissal erroneously predicated upon I.C. § 19–3501. On eventual remand to the magistrate court I assume that "further proceedings" will include the right to reargue the dismissal upon proper grounds. The magistrate in considering the reasonableness of the delay beyond a set trial date will give due consideration to the manner in which the prosecutor obtained the postponement.

## APPENDIX
### CASE NO. 3037
### MEMORANDUM DECISION ON APPEAL REVERSED AND REMANDED

"The defendant was cited by Idaho Uniform Citation with the offense of Operating a Motor Vehicle While Under The Influence of an Intoxicating Beverage and/or Drugs on March 29, 1981. The citation was issued in Blackfoot, Bingham County, Idaho. I.C. sec. 49–1102. A not guilty plea was entered March 31, through defense counsel. *See* M.C.R. 6. A pretrial conference was held May 12, 1981. A jury trial was set for September 23, 1981.

"On September 4, 1981, the prosecutor sought and was granted a continuance on the ground that the State's chemist-witness would be unavailable to testify during the last part of September. The witness was expecting a baby during that time and she was under doctor's advice not to travel or make court appearances. The Order granting the continuance reset the jury trial for November 17, 1981.

"A Notice of Hearing Pursuant to Idaho Code section 19–3501 was issued November 5, 1981. Though from the written record it would seem this was on the Court's own initiative under the apparent authority of I.C. sec. 19–3501 & –3504 and Idaho Criminal Rule 48, the hearing transcript indicates that defense counsel initiated the proceeding. Arguments were presented to the court by prosecution and defense on November 9, 1981. After taking the matter under advisement, the Magistrate entered an Order Dismissing Criminal Actions Pursuant to Idaho Code 19–

3501 later that day. The dismissal was granted under the statute for the following reasons:

(a) The defendant was not brought to trial within six months from the date of the filing of the charge;

(b) The prosecutor had not shown good cause for the delay; and

(c) The trial was not postponed upon application of the defendant.

"The State has appealed the dismissal on questions of law under I.C.R. 54(a)(3). The State raises three issues:

(1) Does the unavailability of a state witness (during the time set for trial), caused by the impending birth of a child to that witness and her doctor's advice not to travel or make court appearances, constitute good cause for not bringing the defendant to trial within six months from the filing of the charges?

(2) Should the factual 'balancing test' outlined in *State v. Carter*, 81 ISCR 767 (1981) be used by the court in analyzing a motion to dismiss under Idaho Code sec. 19–3501?

(3) Does Idaho Code section 19–3501 apply to misdemeanors?

"Because the determination of the third issue raised necessarily affects analysis of the others, it will be first addressed.

"The question of whether the speedy trial provisions of I.C. sec. 19–3501 are expressly applicable to misdemeanors is one of first impression in Idaho. However, there is dicta concerning the interpretation of I.C. sec. 19–3501 in the case of . *Jacobson v. Winter*, 91 Idaho 11 [415 P.2d 297] (1966). It is clear that a person accused of a public offense is entitled to a speedy trial, Idaho Const. art. 1, sec. 13, I.C. sec. 19–106; *State v. Olson*, [*Olson v. State*] 92 Idaho 873 [452 P.2d 764] (1969), and that the statutory provisions supplement the constitutional right. *State v. Hobson*, 99 Idaho 200 [579 P.2d 697] (1978). It is also clear that the constitutional right attaches to one accused of misdemeanor crime. Idaho Const. art. 1, sec. 13; I.C. sec. 19–102. Thus, the question arises, does the statutory supplementation of I.C. sec. 19–3501 apply to misdemeanors?

"In this state criminal proceedings are initiated by complaint or indictment. Misdemeanors are thereafter prosecuted by complaint, while felonies are prosecuted by indictment or information. *See* I.C.R. 3.

"Idaho Code sec. 19–3501 provides supplementary statutory guidance for dismissal of actions. That section states:

" 'The Court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

. . . .

2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the indictment or information is filed with the court.'

Though a 'prosecution' or 'case' may be either a felony or misdemeanor, the clear import of sub-section 2 is that the statute applies only to information or indictment, i.e. felonies. Some states have statutes that expressly include and provide for dismissals of misdemeanors based on clear time limits. *See Herrick v. Municipal Court*, [151 Cal.App.2d 804] 312 P.2d 264 (Cal.App.1957). There is no such expression of legislative intent in I.C. sec. 19–3501 and it will not be implied. *See State v. Schnell*, [107 Mont. 579] 88 P.2d 19 at 21 (Mont.1939).

"In the case of *Jacobson v. Winter*, 91 Idaho 11 [415 P.2d 297] (1966), the Court stated:

" 'Under the constitutional provisions no logical conclusion can be reached other than that the time within which an accused is to be secured in his right to a speedy trial must be computed from the time the complaint is filed against him. It is to be noted that I.C. sec. 19–3501 is determinative of the time following indictment or information only, and does not refer to the time between the filing of the criminal complaint itself and the filing of the indictment or information. In other words, I.C. sec. 19–3501 deals only with a portion of the rights guaranteed under the constitutional provisions, arising after the procedures leading to indictment or information have been accomplished.' Id. at 14 [415 P.2d 297].

The plain wording of the statute and the case law construing it lead to the conclusion that as a matter of law Idaho Code sec. 19–3501 does not apply to misdemeanor actions.

"This conclusion is further supported by the statutory scheme of chapter 35. I.C. sec. 19–3504 provides for dismissal on motion of the court. That section authorizes dismissal of misdemeanors in the furtherance of justice and requires the reasons to be set forth in an order entered upon the minutes. *State v. Barter*, 80 Idaho 552 at 556 [335 P.2d 887] (1959). Thus, the statutory scheme while dealing more specifically with felonies than with misdemeanors, is complete in dealing with dismissals of both.

"Because it is determined that I.C. sec. 19–3501 has no application to misdemeanor cases, the second issue raised by the State is not applicable under the facts of this case and is rendered moot.

"It would appear that a magistrate considering dismissal of a misdemeanor charge on the ground that a speedy trial has not been provided, should employ a factual analysis such as that outlined in *State v. Carter*, supra, which was set forth initially in the U.S. Supreme Court Case of *Barker v. Wingo*, 407 U.S. 514 [92 S.Ct. 2182], 33 L.Ed.2d 101 (1972). Such an analysis necessarily rests within the sound discretion of the court based on the circumstances of the case in which the conduct of both the prosecution and defendant are weighed. The exercise of such discretion could include consideration of guidelines established for more serious crimes. *See Barker*, [407 U.S. at 529, 92 S.Ct. at 2191] 33 L.Ed.2d at 116. A balancing test compels an ad hoc approach to speedy trial cases.

"The first issue raised by the State challenges the substance of the Magistrate's decision to dismiss the case. The Magistrate Court's determination that unavailability of the State's witness was not 'good cause', was based on that court's

interpretation of the 'good cause' standard in I.C. sec. 19–3501, which statute was not applicable to the case. *Compare* I.C. sec. 19–3909 (postponement of misdemeanor trial for reasonable time upon good cause shown); *See also* Motion and Order for Continuance, Trial Court Record.

"Though misdemeanors may be dismissed in the furtherance of justice under I.C. sec. 19–3504, such was not the case here. *See Stockwell v. State,* 98 Idaho 797 at 804 [573 P.2d 116]; *see also Salt Lake City v. Hanson,* [19 Utah 2d 32] 425 P.2d 773 (Utah 1967), and *People v. Orin,* [13 Cal.3d 937, 120 Cal.Rptr. 65] 533 P.2d 193 (Cal. In Bank 1975).

"Because the dismissal order was erroneously made under a statute which has no application to misdemeanors, the dismissal is set aside and the case is remanded for further proceedings."