710 P.2d 636

**STATE of Idaho, Plaintiff-Respondent,**

v.

**William J. BROOKS, Defendant-Appellant.**

No. 15981.

Court of Appeals of Idaho.

Nov. 27, 1985.

Dan J. Rude, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Effective July 1, 1984, the Idaho Legislature amended I.C. § 19–3501, adding subsection (3), to create a six-month deadline for bringing misdemeanor charges to trial. This appeal presents the sole question of whether the amendment must be applied retroactively to a case pending on the effective date of the amendment. In the present case a magistrate ruled that it did not. This ruling was affirmed on appeal to the district court. We affirm as well.

On March 8, 1984, William J. Brooks pled not guilty to a charge of driving under the influence of alcohol. On October 4 Brooks filed a motion to dismiss, alleging a deprivation of his right to a speedy trial. The motion was denied and Brooks pled guilty on condition that he be allowed to withdraw his plea if a reviewing court later reversed the decision on his motion.

Idaho Code § 19–3501 now reads as follows:

The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

. . . .

3. If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters a plea of not guilty with the court.

The Legislature expressly provided that the new section 3 would take effect on July 1, 1984 and apply only to misdemeanor complaints filed after that date.

Clearly, Brooks is not aided by the statute. Nevertheless, Brooks seeks the benefit of the statute by attempting to make it applicable to cases pending on its effective date. His legal strategy rests upon the equal protection provisions contained in the fourteenth amendment to the United States Constitution, and article I, § 13 of the Idaho Constitution. He asserts that the statute creates two classes of misdemeanor defendants who receive different treatment; one charged before July 1, 1984, and one charged after July 1, 1984. Since the right to a speedy trial is a fundamental right applicable to the states by incorporation to the fourteenth amendment, *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), Brooks argues that the state bears the heavy burden of showing a compelling state interest to justify the classification between misdemeanor defendants. *Leliefeld v. Johnson*, 104 Idaho 357, 659 P.2d 111 (1983). He urges us to review I.C. § 19–3501(3) with strict scrutiny and either declare it unconstitutional, or cure its infirmity by applying it retroactively to misdemeanor cases pending on July 1, 1984.

The district court found that the statute, and resultant classification, were supported by compelling state interests and denied the motion to dismiss. We could affirm on that basis, but we do not believe that the classification here triggers the strict scrutiny standard. Strict scrutiny is used where fundamental rights are affected.[1] *Lelie-*

---

1. *See People v. Velasquez,* 666 P.2d 567 (Colo. 1983) (statute must "infringe" upon fundamen-

*feld, supra.* Prior to the 1984 statutory amendment, misdemeanor defendants in Idaho were constitutionally guaranteed a speedy trial. *State v. Conrad,* 104 Idaho 799, 663 P.2d 1101 (1983) (Bistline, J., concurring); *State v. Carter,* 103 Idaho 917, 655 P.2d 434 (1982). This protection has been enhanced, not diminished by I.C. § 19–3501(3). The statute grants greater protection than is constitutionally mandated. Brooks' constitutional guarantees to a speedy trial were at all times intact, and are unaffected by the statute.[2] Thus, the right at issue here is not a "fundamental" right; it is a statutory right.

We believe, as did the courts below that I.C. § 19–3501(3) is constitutionally sound without retroactive application to cases pending on its effective date. Accordingly, we uphold the order denying Brooks' motion to dismiss and we affirm the judgment of conviction.

WALTERS, C.J., and BURNETT, J., concur.

---

tal right to trigger strict scrutiny); *White v. State,* 661 P.2d 1272 (Mont.1983) (strict scrutiny test used where statute "affects" fundamental rights); *Ritchie v. Board of Parole,* 35 Or.App. 711, 583 P.2d 1 (1978) (strict scrutiny triggered where statute "impinges" upon a fundamental right), modified, 37 Or.App. 385, 587 P.2d 1036 (1978).

**2.** Brooks has made no showing here that his constitutional right to a speedy trial has been infringed by the delay between the filing of the complaint and the scheduled trial date. *State v. Conrad, supra; State v. Carter, supra.* This means that even if we were to declare the amendment unconstitutional Brooks would be entitled to no relief.