## WOODSMALL *v.* STATE OF INDIANA.

[No. 13,675.   Filed August 28, 1929.]

*Ernest E. Cummings,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Donald R. Mote,* Deputy Attorney-General, for the State.

ENLOE, J.—On January 27, 1928, an affidavit charging the appellant with the unlawful possession of intoxicating liquor was filed in the circuit court of Sullivan county. Upon the filing of the affidavit, a bench warrant was issued, upon which appellant was arrested, whereupon he gave bond for his appearance in court to answer said charge.

After various appearances in court, and after he had procured a change of judge to try said cause, on March 5, 1928, appellant filed his motion to quash the affidavit herein, filed January 27, 1928. Thereupon, the prosecuting attorney asked and obtained leave to file an amended affidavit herein, said amended affidavit being in two counts, the first charging unlawful possession, and the second charging the maintenance of a common nuisance—a place where intoxicating liquors were kept for sale, and a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and, under said second count, also charging two prior convictions. The said charges were based upon §§4 and 24 of the act of 1925, §§2717 and 2740 Burns 1926. The appellant filed his motion to strike out and reject the first count of said amended affidavit, which motion being overruled, he filed a plea in abatement to the second count of said affidavit, basing the same upon the alleged ground that the court did not have jurisdiction over the person of the defendant, appellant, to try him for the offense charged in said count. A demurrer was filed to this plea, but as the same was not accompanied by any "memorandum of deficiencies," the same was overruled, though it might have been sustained without error, the trial court not being limited to the reasons or deficiencies stated in the memorandum. The prosecuting attorney then asked and obtained leave to file what the parties call an "amended demurrer" with proper memorandum, and this demurrer was sustained.

The appellant then moved to quash the amended affidavit and each count thereof, which motion was overruled. The appellant then pleaded not guilty to the said first count, and stood mute as to said second count, and the court ordered a plea of not guilty to be entered as to said count.

The cause was then submitted to a jury for trial, and resulted in a verdict of guilty as to said first count, the jury imposing a fine of $100, and that appellant be imprisoned in the county jail for a period of thirty days. From the judgment entered upon said verdict, this appeal is prosecuted.

The appellant first insists that the court erred in permitting the filing of said amended affidavit because the same was not indorsed, approved and signed by the prosecuting attorney. There is no merit in this contention; the record herein, as corrected by *certiorari*, shows said affidavit to have been duly indorsed and approved by the prosecuting attorney.

It is next urged that the court erred in overruling appellant's motion to strike out the first count of said amended affidavit, because there was on file the original affidavit which charged the same offense. There is no merit in this contention. Upon the filing of the amended affidavit, the original affidavit went out of this case so far as the trial of the appellant was concerned; it was superseded by the amended affidavit as to the counts upon which appellant was to be tried.

It is next urged that the court erred in overruling the motion to quash. There is no merit in this contention; the charges are drawn in the language of the statute; they are clear and explicit, and there was no error in this ruling.

It is next urged that the court erred in sustaining the demurrer to appellant's plea in abatement to the said

second count of said affidavit, because, appellant urges, he was arrested and held to answer a charge of "unlawful possession," and the court had no right to hold him to answer to any other or different charge. As the appellant was found guilty upon the charge contained in the first count only, this was tantamount to an acquittal of the charge contained in the second count, and said ruling did not in any way prejudice the rights of appellant, and he has no cause of complaint. However, as the appellant had not, at the time of the filing said amended affidavit, pleaded to the charge against him, the State had the right to file said amended affidavit, including therein as many counts or charges as the prosecuting attorney might think proper, the various counts having relation to the same act or conduct of the party charged; the appellant was within the jurisdiction of the court, and public policy demands that all alleged offenses, which may be properly joined, shall be charged, so that one trial upon the merits will dispose of the entire matter. *McGregor* v. *State* (1860), 16 Ind. 9.

We have considered each and every assignment of specific error presented by appellant; they are each and all simply technical, and have no substantial merit. We find no error.

Affirmed.