290 P.2d 953]

[Civ. No. 8811. Third Dist. Dec. 12, 1955.]

CHARLES W. MERZ, Petitioner, v. SUPERIOR COURT OF SUTTER COUNTY, Respondent.

Hewitt & McBride and Manwell & Manwell for Petitioner.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, and John G. Hauck, District Attorney, for Respondent.

VAN DYKE, P. J.—The petitioner herein seeks to restrain the respondent, superior court, from trying him under an information charging him with violation of section 502 of the Vehicle Code, with a prior conviction. The matter presents in general the same issues discussed in *Muns* v. *Superior Court*, in which an opinion was this day filed (*ante*, p. 728 [290 P.2d 951]). The docket entries in the instant case were as follows:

"Dec. 10 Complaint filed charging a misdemeanor. Defendant was arrested—and released on $211.00 bail, for appearance on Dec. 17, 1954 at 10 A. M.

"Dec. 17 Defendant, through his Atty. Ray Manwell, entered a plea of not guilty and demanded a jury trial, Atty. Manwell stated he would waive time limitations.

". . . . . . . . . . . . .

"Jan. 10 Prior thereto, to wit, on June 15, 1953 said Defendant was convicted in Justice Court, Oroville Twp., County of Butte, of driving a motor vehicle while under the influence of intoxicating liquor.

"An amended complaint, signed by Captain Nick Frandrup, Yuba City Police Force is now on file in this Court.

(840)

"Preliminary examination is hereby set for January 13, 1955 at 4 P. M. Ray Manwell, Atty. for Defendant duly notified.

". . . . . . . . . . . .

"Jan. 13 Preliminary came on at 4 P. M. John Hauck Dist. Atty. represented the People—Atty. Ray Manwell represented the Defendant—Hollan Jones was sworn in as Reporter. Prior to preliminary the Original Complaint filed on Dec. 10, 1954, was dismissed on motion of Dist. Atty.

"Through Atty. Manwell, Atty. for Defendant, the preliminary was waived and the Defendant was ordered held to answer.

"Bail to remain the same.

"Bail transferred to Co. Clerk Ck. #226."

We think this record also, just as we held in *Muns* v. *Superior Court, supra,* when properly construed, shows that the second pleading was filed with the permission of the court. Unlike the second pleading filed in *Muns* v. *Superior Court,* the second pleading filed herein was not entitled as an "Amended Complaint" on its face. The cover sheet however, contained the descriptive words "Amended Complaint" and there was considerable discussion as to whether it bore that designation when filed. We think the point immaterial and will assume that it did not. However, it was designated in the docket entry as an amended complaint and we think it was proffered, received and filed as such and constituted a properly filed amended complaint. It, therefore, superseded the original complaint and, as we held in *Muns* v. *Superior Court,* the order thereafter made purporting to "dismiss" the "original complaint" was a nullity. Defendant, having been properly held to answer, is triable in the respondent court upon the charges contained in the amended pleading.

The alternative writ heretofore issued is discharged. The peremptory writ is denied.

Peek, J., and Schottky, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 8, 1956.