SWAIN, J.
The defendant Archie R. Mosely was convicted (Count I) of failing to maintain a toilet and sink for a dwelling house in good working order, in violation of subsection (a) of section 32.01 of the Los Angeles Municipal Code; (Count II) of failing to keep said building in good repair in violation of section 17800, Health and Safety Code; and (Count III) of failing to keep said building and its premises clean in violation of section 17811, Health and Safety Code.
The defendant Archie R. Mosely appeals from (a) rulings of the trial court, (b) the order denying his motion for a new trial, (c) the verdict of the jury, and (d) the judgment, (a) and (c) are not appealable. There is no judgment, probation having been granted without imposition of sentence, but we shall treat the purported appeal from the judgment as an appeal from the order granting probation.
The evidence supports implied findings that the appellant was the owner and that the defendant Hamilton, who has not appealed, was the tenant and occupant of the dwelling house in question.
It is obvious that appellant has been convicted twice of failing to keep the premises in repair, first, under Count I, which charges this was a violation of the city ordinance, and, second, under Count II, which charges this was a violation of the state law. The toilet and sink alleged in Count I are a .part of the building in question. The city may not enact a local sanitary ordinance in conflict with a general law (Cal. Const., art. XI, § 11). The conviction of Count I was error. The conviction of Count II must be affirmed.
Appellant contends that Count II of the complaint does not allege that appellant was a person who had the duty of repairing the house. In the absence of a demurrer to that count or any count, this matter of pleading is not a ground for reversal (Pen. Code, §§ 960 and 1426). Under the liberal modern system of pleading theft, for instance, it is sufficient to allege that the defendant took the property of another without alleging whether it was by larceny, by trick or device or by embezzlement. The court instructed *Supp. 873 the jury it was the duty of a lessor and of a lessee, respectively, to repair a dwelling as required by Civil Code, sections 1941, and 1929. Appellant makes no objection to these instructions. We, therefore, assume they are correct.
As to Count III, appellant appears to complain that Count III of the complaint does not state whether the owner or the lessee-occupant of a dwelling house has the duty to keep it clean. Section 17900, Health and Safety Code, provides: “It is unlawful for any person to violate, or cause or permit another person to violate, any provision of this part.” That language includes both landlord and tenant. Appellant has presented no authorities or argument to the contrary.
Appellant also complains that when the court gave the prosecution leave to file an amended complaint, it made an order dismissing the action and, therefore, all proceedings thereafter were void. The wording of the order was, “Cause dismissed on motion of Deputy City Attorney, J. C. Denny, as to each defendant for the sole purpose of filing an amended complaint.” From the fact that the court granted leave to file an amended complaint, it is obvious that the court dismissed the complaint, not the action. (Muns v. Superior Court (1955), 137 Cal.App.2d 728 [290 P.2d 951]).
The order denying a new trial of Count I is reversed with instructions to dismiss Count I. The order denying a new trial as to Counts II and III is affirmed. The order granting probation is affirmed. Although the conviction of Count I was error, it is not necessary for us to reverse the order granting probation. The trial court has jurisdiction to modify the conditions of probation without any directions from us if it so desires. Appellant has not complained of any of the conditions. The appeals from all other matters are dismissed.
Bishop, P. J., and Kauffman, J., concurred.