[Civ. No. 38358. Second Dist., Div. Four. June 25, 1971.]

RAUL NAJERA HUERTA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 38378. Second Dist., Div. Four. June 25, 1971.]

ISMALL GONZALES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

(Consolidated Cases.)

**COUNSEL**

Richard S. Buckley, Public Defender, James L. McCormick, Howard R. Price and Leighton A. Nugent, Deputy Public Defenders for Petitioner in No. 38358.

Gabriel A. Gutierrez, under appointment by the Court of Appeal, for Petitioner in No. 38378.

No appearance for Respondent.

Joseph P. Busch, Jr., District Attorney, Harry Wood and Daniel L. Lieberman, Deputy District Attorneys, for Real Parties in Interest.

## OPINION

KINGSLEY, J.—On January 21, 1971, an information was filed in respondent court, charging petitioners with burglary, in violation of section 459 of the Penal Code. They were arraigned on January 25, 1971, and pled not guilty. Trial was set for March 16, 1971. On that date, the information was amended by adding allegations charging petitioner Huerta with five prior felony convictions and petitioner Gonzales with three prior felony convictions. Petitioners were arraigned on the amendments and denied the priors. The case then trailed "because of a congested calendar" on the 16th, 17th and 18th. On the 18th it was continued until March 22, the minutes containing an entry that the court had determined that "March 22, 1971, is the 60th day from the date of filing the information." On March 22, both defendants were present and their counsel announced they were ready for trial; counsel were instructed to remain on call for an open court. They were not called and the case was trailed, on the court's own motion, to March 23 "because of congested calendar." On March 23, petitioners moved, pursuant to section 1382 of the Penal Code, for a dismissal. The motion was denied. The present petitions followed. We issued alternative writs of prohibition. The matter has been briefed and argued. We issue a peremptory writ of mandate in the form hereinafter set forth.

It is admitted that other departments of respondent court were open on March 22, to which the case could have been transferred for trial and in which it could have been tried. It is also admitted that petitioners moved promptly to seek dismissal under section 1382. The sole excuse urged on us by the real party in interest is the contention that the filing of the amendment on March 16 started running a new 60-day period within which to bring the case on for trial. We do not agree.

In support of their contention, the People refer us to the following language in *People* v. *Pierson* (1957) 149 Cal.App.2d 151, 159 [307 P.2d 994]: "It seems to be the rule that the 60-day period is reinstated not only by a mistrial (*Ex parte Ross,* 82 Cal. 109 [22 P. 1086]), but by the filing of a new or amended pleading, whether or not a new or different charge is involved." The above statement was purely dicta, since the court's actual holding was that the issue of speedy trial was not available on appeal because it had not been raised in the trial court. Furthermore, while the opinion does not indicate the nature of the amendment involved in *Pierson,* it is clear that it related to the substance of the charge; no prior convictions were involved in that case at any time. The other cases relied

on by the People are even less in point. In six of them,[1] the court was concerned with the constitutionality and interpretation of section 1387, which permits the filing of a new information after an earlier one is dismissed; in one, the 60-day period was reinstated by a mistrial.[2] The case closest to the one at bench is *People* v. *Romero* (1936) 13 Cal.App.2d 667 [57 P.2d 557]. In that case the original information was dismissed and, pursuant to section 1387, a new information was filed. The holding was that the 60-day period for trial on the second information ran from the date of its filing and not from the date of filing of the original information.

██ In other words, we are cited to no authority, and we know of none, that holds that the *amendment* of an information by adding a matter not going to the substance of the charge automatically tolls the running of the 60-day period prescribed by section 1382. Section 1382 is designed to implement the constitutional requirement of a speedy trial. Whatever justification there may be for delay of trial when an amendment has changed the nature of the offense involved, we see no reason why the formal addition of a matter going (at most) to the length of penalty, should automatically affect the right to a trial on the merits.

There is nothing in the record before us to suggest that the People ever intimated, in the trial court, that the newly alleged priors were recently discovered, or that the People needed additional time to assemble formal proof of them, or that any other reason existed which might have constituted "good cause" for a delay. Nor has any such suggestion been made in this court. Thus we do not have a case in which the trial court might, in the exercise of its legitimate discretion, have determined that the trial should be postponed for "good cause." Rather we have a very simple case in which both sides were ready for trial, the court was advised that the 60-day period was about to expire, there were trial departments available, the defendant did not consent to a delay, the prosecution did not seek a delay for any expressed cause, but the trial judge who had the case before him, on his own motion, continued the case beyond the 60-day period. No clearer case of a violation of section 1382 could be found.

The alternative writs of prohibition are discharged. Let a peremptory

---

[1] *People* v. *Godlewski* (1943) 22 Cal.2d 677 [140 P.2d 381]; *People* v. *Dawson* (1930) 210 Cal. 366 [292 P. 267]; *In re Begerow* (1902) 136 Cal. 293 [68 P. 773]; *People* v. *Nelson* (1964) 228 Cal.App.2d 135 [39 Cal.Rptr. 238]; *Muns* v. *Superior Court* (1955) 137 Cal.App.2d 728 [290 P.2d 951]; *People* v. *Vacca* (1955) 132 Cal.App.2d 8 [281 P.2d 315].

[2] *People* v. *Cryder* (1949) 90 Cal.App.2d 194 [202 P.2d 765].

writ of mandate issue, directing the trial court to vacate its orders denying petitioners' motions to dismiss and to enter its order granting said motions.

Files, P. J., and Jefferson, J., concurred.