[Civ. No. 59625. Second Dist., Div. Three. Nov. 12, 1980.]

JACK COPELAND PEREZ, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Richard E. Erwin, Public Defender, David P. Ammons, Assistant Public Defender, and Duane A. Dammeyer, Deputy Public Defender, for Petitioner.

Dorothy L. Schechter, County Counsel, and R. Thomas Harris, Assistant County Counsel, for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Ellen Birnbaum Kehr, Deputy Attorneys General, for Real Party in Interest.

OPINION

KLEIN, P. J.—

### STATEMENT OF THE CASE

Petitioner Jack Copeland Perez (Perez) seeks a writ of mandate to compel respondent Superior Court of Ventura County (Superior Court) to dismiss pursuant to Penal Code section 1382[1] the information lodged against him.

---

[1] Penal Code section 1382 provides in pertinent part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases.

"...

"2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court, or after the issuance of a writ or order which in effect grants a new trial, within 60 days after notice of the writ or order is filed in the trial

## FACTS

The following facts pertain to Perez' petition:

On March 26, 1980, an information was filed charging Perez with nine counts of robbery (§ 211). The use of a firearm (§ 12022.5) was alleged in counts I through IX, and counts IV and IX further alleged that Perez was armed (§ 12022, subd. (a)).

Trial was set for May 19, 1980. However, prior to that time a section 995 motion was granted as to counts VII and VIII. An amended information was then filed charging in place of count VII of the first information the charges of attempted robbery (§§ 664, 211), assault with a deadly weapon (§ 245), and use of a firearm (§ 12022.5) involving the same date, time and victim. In place of count VIII of the first information, the charges of attempted robbery (§§ 664, 211), assault with a deadly weapon (§ 245), grand theft person (§ 487, subd. (2)) and use of a firearm (§ 12022.5) involving the same date, time and victim were filed.

On May 19, the date originally set for trial, Perez announced that he was ready for trial, but apparently there were no courtrooms available and the matter was trailed. On the 60th day after the filing of the first information, there were still no trial judges available as all departments of the superior court, except law and motion and master calendar, were engaged in criminal trials. However, the 60th day fell on the first working day of the week. According to the policy of the superior court, criminal trials are recessed for that day in order that short civil matters, taking less than a day, can be heard.

On May 29, 62 days after the filing of the first information, Perez sought a motion to dismiss for failure to bring his case to trial within 60

court and served upon the prosecuting attorney, or within 90 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney in any case where the district attorney chooses to resubmit the case for a preliminary examination after an appeal or the issuance of a writ reversing a judgment of conviction upon a plea of guilty prior to a preliminary hearing in a municipal or justice court; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter."

All statutory references hereinafter are to the Penal Code, unless otherwise indicated.

days. The trial court denied the motion, stating: "I am satisfied that we did not have a judge available to try that case on May 27th. That all of the judges were occupied in continuing criminal trials except for this recess for one day, which was the only solution that we have been able to figure out to the question of these short-cause matters. [¶] And for that reason, as far as I am concerned, all of the trial departments were occupied with criminal trials. And on that ground your motion is denied." The court further noted that it considered the amendment of the information to be "substantial," warranting a new 60-day time period. However, the court did not deny the motion on that ground "because we might as well face the issue head-on that is really relevant to this Court and our conduct every week and get it resolved and hopefully somebody will appeal. That's the question as to whether or not we can use Mondays—or Tuesday if it's the first day of the week—as the law and motion calendar and for our short-cause calendar, because that's the real issue before the Court at this time."

## CONTENTIONS

Perez contends that (1) the amended information does not toll the running of the original 60-day period, and (2) the congested court calendar does not excuse the failure to bring him to trial within 60 days.

## DISPOSITION

We find Perez' contentions to be meritorious for the reasons set forth below and therefore order that a peremptory writ of mandate issue.

## DISCUSSION

■ Perez first argues that the amended information does not toll the running of the original 60-day period provided by section 1382.[2] We agree.

In order for an amendment to an information to toll the running of the 60-day period prescribed by section 1382, the amendment must go

---

[2]We note that since "[t]he 10-day grace period described in [Penal Code] section 1382, subdivision 2, becomes operative only when [a] defendant has consented, expressly or impliedly, to a trial date beyond the basic 60-day limit..." (*Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 780 [126 Cal.Rptr. 251, 543 P.2d 619]; see *Owens* v. *Superior Court* (1980) 28 Cal.3d 238, 249-250 [168 Cal.Rptr. 466, 617 P.2d 1098]), it is inapplicable to the instant case as Perez did not consent to such an extension.

to the substance of the charge. (*Matthews* v. *Superior Court* (1973) 35 Cal.App.3d 589, 593 [110 Cal.Rptr. 843]; *Huerta* v. *Superior Court* (1971) 18 Cal.App.3d 482, 484-485 [95 Cal.Rptr. 748].) Amendments which "added nothing to the issues presented by the original complaint ...are of no substance." (*Hankla* v. *Municipal Court* (1972) 26 Cal. App.3d 342, 359 [102 Cal.Rptr. 896].)

In the case before us, the amended information charged Perez with attempted robbery, assault with a deadly weapon and use of a firearm in place of count VII of the first information and attempted robbery, assault with a deadly weapon, grand theft person and use of a firearm in place of count VIII after the original charges of robbery and use of a firearm had been dismissed pursuant to section 995. As to both amended counts, the respective times, dates and victims remained the same as in the first information. Thus, the amendments did not substantively change the issues presented by the original robbery and use of firearm charges and do not serve to toll the requirements of section 1382.

█ Likewise, Perez' contention that the superior court's congested calendar did not excuse the failure to bring him to trial within the statutorily mandated 60-day time period is meritorious.

"[T]he purpose of the state constitutional protection of the right to a speedy trial is 'to protect those accused of crime against possible delay, caused either by willful oppression, or the neglect of the state or its officers.' '[T]he state or its officers,' we must observe, includes not only the prosecution, but the judiciary and those whom the judges assign to represent indigent defendants; 'oppression' or 'neglect' may include the failure to provide the facilities and personnel needed to implement the right to speedy trial. [¶] A defendant's right to a speedy trial may be denied simply by the failure of the state to provide enough courtrooms or judges to enable defendant to come to trial within the statutory period.... '[U]nreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided by the State's criminal-justice system are limited and that each case must await its turn.' [Citation.]" (*People* v. *Johnson* (1980) 26 Cal.3d 557, 571 [162 Cal.Rptr. 431, 606 P.2d 738].)

By way of return to the alternative writ of mandate, a declaration was filed by Jerome S. Berenson, Presiding Judge of the Ventura County Superior Court, wherein he asserted: "Regarding criminal cases in which time for trial would expire on a short cause calendar day and in

which the defendants have not voluntarily waived time, the Court has made whatever assignments have been necessary to then commence the trials of such cases regardless of the pendency of civil short cause matters." Whereas Judge Berenson's perception of calendar management of the superior court appears somewhat at odds with the view entertained by the trial court, the fact remains that in the instant case the superior court's somewhat inflexible policy requiring that short civil cases be heard on the first working day of each week made no provision for a criminal matter which under section 1382 was required to come to trial on that date. Under the firm legislative policy enunciated in section 1050,[3] "the fact that civil cases were sent out for trial on [May 27, 1980, the date on which Perez' case came due,] eliminates any legal ground for refusing to send out [Perez'] case for trial in one of the departments in the civil pool. [Citations.]" (*Tudman* v. *Superior Court* (1972) 29 Cal.App.3d 129, 132 [105 Cal.Rptr. 391].)

Thus, the superior court may not adhere to an inflexible policy mandating that on a given day of the week short civil cases take priority over criminal cases which are required pursuant to section 1382 to come to trial on that date. Accordingly, we must grant Perez' petition and dismiss the information filed against him. We note, however, that "[u]nder section 1387, the dismissal of a felony charge for lack of a speedy trial is not a bar to further prosecution unless the charge has been previously dismissed on such grounds. We are confident that in cases in which there has been a prior dismissal, both court and counsel will give special attention to securing a speedy trial, granting the case priority if essential to that purpose." (*People* v. *Johnson, supra*, 26 Cal.3d at p. 573.)

We appreciate the problems of the Ventura County Superior Court and others in the State of California in attempting to meet a burgeoning criminal caseload while also accommodating a civil calendar and,

---

[3]Section 1050 provides in pertinent part: "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time. To this end the Legislature finds that the criminal courts are becoming increasingly congested with resulting adverse consequences to the welfare of the people and the defendant. It is therefore recognized that both the people and the defendant have the right to an expeditious disposition, and to that end it shall be the duty of all courts and judicial officers and of all counsel, both the prosecution and the defense, to expedite such proceedings to the greatest degree that is consistent with the ends of justice. In accordance with this policy, criminal cases shall be given precedence over, and set for trial and heard without regard to the pendency of, any civil matters or proceedings."

particularly, those civil cases imminently facing the five-year mandatory dismissal provision of Code of Civil Procedure section 581. Section 1382 is a creature of the Legislature. It is therefore incumbent upon the Legislature to provide the financial support necessary to meet the requirements it sets.

Let a peremptory writ of mandate issue directing the Ventura County Superior Court to dismiss the information filed against Perez and to proceed in accordance with the views expressed herein.

Allport, J., and Potter, J., concurred.

A petition for a rehearing was denied November 26, 1980.