52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Paul Edward ROMERO, Defendant-Appellee.
 No. 94-2208.
(D.C. No. CR 93-414 JB)
 United States Court of Appeals,
Tenth Circuit.
 April 12, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ALDISERT,[2] and BALDOCK, Circuit Judges.
 
 
 1
 Paul Edward Romero was indicted for making a false statement in the acquisition of a firearm in violation of 18 U.S.C. 922(a)(6) and two counts of improperly possessing a firearm in violation of 18 U.S.C. 922(g)(1). Mr. Romero filed a motion to dismiss the indictment on the ground the underlying conviction supporting the charges was not a felony under California law. After holding a hearing, the district court granted the motion. The United States appeals, and we reverse because of an error in law.
 
 
 2
 In general, this court reviews a district court's decision to either grant or deny a motion to dismiss an indictment under the abuse of discretion standard. United States v. Strayer, 846 F.2d 1262, 1265 (10th Cir.1988); United States v. Wood, 6 F.3d 692, 694 (10th Cir.1993). However, when the dismissal is based on the district court's legal interpretation of the governing statutes, de novo review is appropriate. Id. (citing Tramp v. United States, 978 F.2d 1055, 1055 (8th Cir.1992)). Because the district court's dismissal was based on its interpretation of California law, de novo review is appropriate here.
 
 
 3
 The underlying conviction in this case involves Mr. Romero's violation of Section 2800.2 of California's Motor Vehicle Code. Punishment for that offense is:
 
 
 4
 by imprisonment in the state prison, by imprisonment in the county jail for not more than one year, or by a fine of not less than one hundred seventy dollars ($170) nor more than two thousand dollars ($2,000), or by both that fine and imprisonment.
 
 
 5
 Mr. Romero was initially charged in a complaint filed in the Municipal Court of the East Los Angeles Judicial District. Count I of the complaint charged Mr. Romero with the crime, "Evading An Officer, Willful Disregard, in violation of Vehicle Code Section 2800.2, a Misdemeanor...." However, by handwritten interlineation, the word misdemeanor was replaced by the word felony. Additionally, the charging document was titled "Felony Complaint." Two days later, a superceding information was filed in Superior Court again charging Mr. Romero under Section 2800.2. This document unequivocally charges a felony violation.
 
 
 6
 Without an apparent contest over the validity of the superceding information or its filing, Mr. Romero pled guilty to the charge it contained. He was not sentenced to state prison, the imposition of his sentence was suspended, and he was placed on probation for three years with the condition that he spend the first 180 days of his probation in county jail.
 
 
 7
 Mr. Romero was subsequently charged in federal court with violating 18 U.S.C. 922(g)(1), which proscribes certain individuals from possessing firearms.
 
 
 8
 (g) It shall be unlawful for any person--
 
 
 9
 (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
 
 
 10
 ...
 
 
 11
 * * *
 
 
 12
 to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 
 
 13
 The definition section, 18 U.S.C. 921(a)(20), sets out rules for interpreting and applying this section.
 
 
 14
 (20) The term "crime punishable by imprisonment for a term exceeding one year" does not include--
 
 
 15
 ...
 
 
 16
 * * *
 
 
 17
 (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
 
 
 18
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held....
 
 
 19
 Section 921(a)(20) requires the court look to California law--the jurisdiction where the proceedings were held--to determine if the conviction meets the requirements of 922(g)(1). Therefore, if Mr. Romero's conviction is a misdemeanor under California law, it cannot be a predicate for the federal charges.
 
 
 20
 Under a peculiarity of California law, a sentencing court has the discretion to define a particular offense as a felony or a misdemeanor depending on the sentence the court decides to impose. Section 17 of the California Penal Code delineates how to differentiate between the classes of crime. Defendant seizes upon Section 17(b)(4) to contend his offense was clearly a misdemeanor. That portion of the statute states:
 
 
 21
 (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
 
 
 22
 ...
 
 
 23
 * * *
 
 
 24
 (4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor....
 
 
 25
 The parties, and the district court as well, appear to have assumed this provision governs because of the filing of the original complaint. Hence, the contest focuses upon the effect of the interlineation in the original document. Yet, in the process of attempting to analyze the labyrinthine and somewhat arcane provisions of state law, the participants have overlooked an essential fact.
 
 
 26
 The original complaint cannot guide resolution of this case simply because it was not the charge upon which the conviction was based. Moreover, it had been superceded by the filing of the information in a higher court. In California, as elsewhere throughout the nation, a superceded pleading, including a charging instrument, ceases to exist. Meyer v. State Bd. of Equalization, 267 P.2d 257, 262 (Cal.1954) ("It is well established that an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading."); People v. Mack, 17 Cal.Rptr. 425, 428-29 (Cal.App.1961) (same); Merz v. Superior Court, 290 P.2d 953, 954 (Cal.App.1955) (an amended criminal complaint filed in Superior Court rendered a prior Justice Court complaint a nullity.); see also Muns v. Superior Court, 290 P.2d 951, 952 (Cal.App.1955); People v. Bohlen, 5 Cal.Rptr.2d 670, 672 (Cal.App.1992). Consequently, the arguments presented in this case, while interesting, are wholly academic. The simple fact is Mr. Romero pled guilty to an information charging him with a felony. At the time of his plea, the problematic complaint and whether it charged a misdemeanor or a felony and whether it had been properly amended simply dropped from the picture and ceased to exist.
 
 
 27
 Indeed, there being no record of an objection made in state court to the filing of the information, we must presume its propriety was never a matter of concern to the California court, counsel, or the defendant himself.
 
 
 28
 We need not consider, therefore, whether the intricacies of California law and the sentencing discretion they confer upon judges of that state have resulted in defendant's conviction of a felony or misdemeanor. The fact of his conviction and the nature of the crime which forms its fundament are clear beyond argument.
 
 
 29
 We are amply satisfied defendant was convicted of a felony in California which forms a proper predicate for the federal offense charged in the District of New Mexico.[3] We therefore conclude the charge was improvidently dismissed and the judgment doing so is REVERSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Ruggero J. Aldisert, Senior Judge for the United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [3]
 On appeal, Mr. Romero argued the doctrine of lenity applied in his case. United States v. Bass, 404 U.S. 336, 347-48 (1971); Rewis v. United States, 401 U.S. 808, 812 (1971). He contends California Penal Code Section 17 is ambiguous because the California courts have adopted varying definitions concerning when a person has been convicted of a crime within the meaning of different statutes. We may consider any argument raised by an appellee in support of the district court's judgment that appears in the record. United States v. American Ry. Express, Co., 265 U.S. 425, 435-36 (1924). However, even if the charging document was not unambiguous, we do not believe the court sufficiently considered the doctrine of lenity below to allow us to do so in this instance. Dandridge v. Williams, 397 U.S. 471, 475 n. 6 (1970); United States v. MacDonald, 670 F.2d 910, 913 n. 1 (10th Cir.), cert. denied, 459 U.S. 1015 (1982)