Filed 2/20/24  P. v. Sherry CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ARTIEREY AGUILAR SHERRY,<br><br>      Defendant and Appellant. | H050848<br>(Santa Clara County<br>Super. Ct. No. C1899674) |

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) narrowed the scope of murder law and added former Penal Code section 1170.95,[1] which provided resentencing relief to some convicted murderers.  Three years later, Senate Bill No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775) amended former section 1170.95 to clarify that resentencing relief extends to some persons convicted of manslaughter.  In this appeal, we are asked to decide whether defendant Artierey Aguilar Sherry, who was convicted of voluntary manslaughter after the enactment of Senate Bill 1437 but before that of Senate Bill 775, can obtain relief from his sentence under former

---

[1] Unspecified statutory references are to the Penal Code.

section 1170.95 (now section 1172.6).[2]  Based on the text of section 1172.6, we answer that question in the negative.

## I.  FACTS AND PROCEDURAL BACKGROUND

A.  *The Offenses*

"On October 8, 2017, [Sherry] and a codefendant, who were both admitted gang members, pulled up in a vehicle and fired multiple rounds at the victim, who died shortly thereafter.  On October 17, 2017, police located [Sherry] in the vehicle with his girlfriend.  After the vehicle was impounded, police searched the vehicle and found a loaded pistol with [Sherry]'s fingerprints on it.  [Sherry] and the codefendant were arrested in August 2018."  (*People v. Sherry* (Nov. 19, 2021, H047497) [nonpub. opn.] at p. 2, fn. omitted (*Sherry*).[3])

B.  *Underlying Prosecution*

In September 2018, the Santa Clara County District Attorney filed a complaint charging Sherry and his codefendant with murder (§ 187, subd. (a); count 1) and Sherry (alone) with carrying a loaded firearm (§ 25850, subd. (a); count 2).[4]

After Senate Bill 1437 took effect on January 1, 2019, Sherry entered into a plea agreement with the district attorney.  On September 9, 2019, pursuant to the plea agreement, the trial court granted the district attorney's oral motion to amend the complaint to add a voluntary manslaughter charge (§ 192, subd. (a); count 3), along with an enhancement for carrying a firearm during the commission of a street-gang-related

---

[2] After enacting Senate Bill 775, the Legislature renumbered section 1170.95 as section 1172.6, with no change to the text of the statute (Stats. 2022, ch. 58, § 10, eff. June 30, 2022).  Unless otherwise necessary, we refer to the current version of any relevant provisions now codified in section 1172.6.

[3] We granted Sherry's request for judicial notice of our decision in his direct appeal, *Sherry*, *supra*, H047497.  The only claim of error that Sherry raised in that appeal related to the restitution fine and fees imposed at his sentencing.  (See *id*. at pp. 4–5.)

[4] Count 1 included an allegation that the codefendant personally discharged a firearm causing the victim's death (§ 12022.53, subd. (d)).

crime (§ 12021.5, subd. (a)).  Sherry pleaded no contest to voluntary manslaughter (count 3) and carrying a loaded firearm in a vehicle (count 2).  He also admitted the enhancement allegation attached to count 3.

On October 8, 2019, the trial court sentenced Sherry to 14 years and eight months in prison.  The court dismissed the murder charge (count 1) on the district attorney's motion.

On November 19, 2021, this court affirmed the judgment, with a minor amendment related to a fee imposed at Sherry's sentencing.  (*Sherry*, *supra*, H047497, at p. 10.)

C.  *Proceedings on Petition for Resentencing*

After Senate Bill 775 took effect, in April 2022, Sherry filed on his own behalf a form petition seeking resentencing.  Sherry declared, inter alia, that a complaint had been filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, he had been convicted of manslaughter by plea in lieu of a trial at which he could have been convicted of murder or attempted murder, and he could not presently be convicted of murder because of the changes to sections 188 and 189 effective January 1, 2019.  Upon Sherry's request, the trial court appointed counsel to represent him.

The district attorney filed an opposition to Sherry's petition, arguing he was ineligible for relief as a matter of law.

On March 8, 2023, the trial court held a hearing on Sherry's petition.  After hearing oral argument from the parties' counsel, the trial court denied Sherry's petition without issuing an order to show cause.  The court stated that the record of conviction "shows [Sherry] is ineligible for relief as a matter of law."  The court also issued a written order explaining its denial.

3

In its written order, the trial court stated that at the time Sherry entered his plea in September 2019, "the changes to sections 188 and 189 were already in effect" and Sherry "already had the benefit of the changes." The court reasoned that "there is nothing to ameliorate" in Sherry's voluntary manslaughter conviction and he "was never in jeopardy of being convicted on a now-invalid theory of murder (or attempted murder)."

Sherry appealed.

## II. DISCUSSION

Sherry contends the trial court erred and, in turn, violated his due process rights in denying his petition for resentencing. He asserts that "in 2019, courts were routinely finding voluntary manslaughter outside the change in the law. As such, [he] had no ability to challenge that conviction. He accepted a plea to that crime rather than something even lower, which would have been possible after [Senate Bill] 775 was passed." He further argues that he "met all the requirements under Penal Code section 1172.6, subdivision (c) for establishing a prima facie claim" and asks that this matter be reversed and remanded with direction to "issue an order to show cause and allow [him] to present evidence that he was not the actual killer or a major participant who acted in reckless disregard of human life."

The Attorney General responds that because Sherry could not have properly been convicted of murder based on an invalid theory at the time he pleaded no contest to voluntary manslaughter, his plea "was not in lieu of a murder prosecution on a theory eliminated by [Senate Bill] 1437, and he is ineligible for resentencing relief as a matter of law." The Attorney General further asserts that Sherry cannot satisfy the requirements of section 1172.6, subdivision (a)(1) and (3) because, as of January 1, 2019, the complaint in this matter no longer allowed the prosecution to proceed on a theory made invalid by Senate Bill 1437 and, when Sherry pleaded no contest in September 2019, he was not facing broader liability than that allowed by the changes made to our state's murder law by Senate Bill 1437.

4

A. *Legal Principles*

Senate Bill 1437 took effect on January 1, 2019. (*People v. Gentile* (2020) 10 Cal.5th 830, 841.) The bill amended sections 188 and 189 (Stats. 2018, ch. 1015, §§ 2–3) and added former section 1170.95 (*id*. at § 4). "With the goal of 'more equitably sentenc[ing] offenders in accordance with their involvement in homicides' [citation], Senate Bill 1437 significantly changed the scope of murder liability for defendants who did not actually kill or intend to kill anyone, including those prosecuted on a felony-murder theory." (*People v. Wilson* (2023) 14 Cal.5th 839, 868; see § 188.) "The bill also altered murder liability under the natural and probable consequences doctrine." (*Wilson*, at p. 868, fn. 8; see § 188.[5])

In adding former section 1170.95, "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended." (*People v. Strong* (2022) 13 Cal.5th 698, 708.) The original version of former section 1170.95 permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

By its express terms, Senate Bill 1437 did not authorize a petition to vacate a conviction for any offense other than murder. After the enactment of Senate Bill 1437,

---

[5] Section 188 provides in relevant part: "(a) For purposes of [s]ection 187, malice may be express or implied. [¶] (1) Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature. [¶] (2) Malice is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart. [¶] (3) Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."

the California Courts of Appeal held that section 1170.95 did not apply to defendants convicted of voluntary manslaughter. (See, e.g., *People v. Paige* (2020) 51 Cal.App.5th 194, 201, 204.) In addition, the appellate courts were split on whether Senate Bill 1437 applied to attempted murder.

"In October 2021, the Governor signed Senate Bill No. 775, (Stats. 2021, ch. 551, § 2), effective January 1, 2022." (*People v. Coley* (2022) 77 Cal.App.5th 539, 544.) Senate Bill 775 resolved the split of authority and amended former section 1170.95 in several respects, "including (1) clarifying that, in some circumstances, the same relief available to persons convicted of murder is also available to persons convicted of attempted murder or manslaughter [citations]; and (2) addressing various aspects of the petition procedure." (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865.) On June 30, 2022, the statute was renumbered as section 1172.6 without further substantive changes. (Stats. 2022, ch. 58, § 10.)

As amended by Senate Bill 775, section 1172.6, subdivision (a) provides: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at

6

which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."

"An offender seeking resentencing must file a petition in the sentencing court and serve it on statutorily enumerated persons. Among other requirements, the petition must include a declaration from the petitioner that he is eligible for relief based on the three conditions [stated] above." (*People v. Reyes* (2023) 97 Cal.App.5th 292, 297 (*Reyes*).) "If the petitioner makes a prima facie showing for relief, the court must issue an order to show cause and hold an evidentiary hearing. The prosecution then bears the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder (or its attempt) under the law as amended by Senate Bill No. 1437." (*Id*. at p. 298.)

"The trial court may consider the record of conviction to determine whether the petitioner makes a prima facie showing only after the appointment of counsel and the opportunity for briefing has occurred. [Citation.] At the prima facie hearing, the court must take the petitioner's factual allegations as true. However, if the record contains facts refuting the allegations made in the petition, the court may deny the petition without issuing an order to show cause." (*Reyes*, *supra*, 97 Cal.App.5th at p. 298.)

"Various courts have commented that the intent of this resentencing statute is to provide relief to offenders who could not be convicted of murder under the current law. [Citation.] In other words, section 1172.6 'provides a procedure whereby persons convicted of murder under a now-invalid theory may petition to vacate their conviction.' [Citation.] Our high court has stated that this procedure was designed to provide retroactive relief to defendants who were, or who could have been, convicted of murder (or its attempt) under the prior law." (*Reyes*, *supra*, 97 Cal.App.5th at pp. 298–299.)

"We independently review a trial court's determination on whether a petitioner has made a prima facie showing." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) "In analyzing section 1172.6, our goal is to effectuate legislative intent. [Citation.] We must

7

avoid a statutory construction that would produce absurd consequences, which we presume the Legislature did not intend." (*Reyes*, *supra*, 97 Cal.App.5th at p. 297.)

B. *Analysis*

Sherry contends "[t]he fact that [section] 1170.95 had been passed at the time [he] pled does not preclude him establishing the prima facie case. . . . [A]t the time he pled, the change in the law did not apply to manslaughter because [Senate Bill] 775 had not yet been passed. Had it been passed, he would have challenged that crime as well, specifically by not pleading to it, and instead pleading to some lesser offense as now set forth in section 1172.6, subdivision (e)."

Sherry has not persuaded us the trial court erred in denying his petition. Sherry is ineligible for resentencing as a matter of law on two independent grounds. Section 1172.6, subdivision (a)(1) requires that the charging document filed against Sherry "allowed the prosecution to proceed" under a theory in which malice is imputed to him based solely on his participation in the crime. (§ 1172.6, subd. (a)(1).) This requirement is not met here. Although the district attorney originally filed a complaint that included a murder charge before Senate Bill 1437, that complaint was superseded by amendment to include a voluntary manslaughter charge after Senate Bill 1437 took effect. (See *Muns v. Superior Court* (1955) 137 Cal.App.2d 728, 732.) Thus, when the complaint was amended in September 2019, Sherry's prosecution could not have properly proceeded under a theory of imputed malice abrogated by Senate Bill 1437.[6] (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Sherry's claim of error fails for a second reason. Under section 1172.6 subdivision (a)(3), "in order to be resentenced, a petitioner must allege that he could not

_____

[6] In reaching this conclusion we do not decide whether, regardless of the amendment to the accusatory pleading, the requirement of section 1172.6, subdivision (a)(1) was not met merely because Senate Bill 1437 was enacted prior to any plea or trial in this matter, effectively preventing the prosecution from proceeding to a conviction in reliance on a then-abrogated theory.

presently be convicted of murder (or its attempt) 'because of changes' brought by Senate Bill No. 1437." (*Reyes*, *supra*, 97 Cal.App.5th at p. 298.)

In *Reyes*, the Court of Appeal addressed a situation in which the defendant was charged by information with murder in 2020, pleaded no contest to second degree murder in 2021, and filed a petition for resentencing in 2022. (*Reyes*, *supra*, 97 Cal.App.5th at p. 296.) The *Reyes* court found defendant ineligible for resentencing for two independent reasons. The court concluded that the requirement of section 1172.6, subdivision (a)(1) was not met because "when this criminal proceeding was initiated, the prosecution was precluded from proving the murder charge under a theory of imputed malice." (*Reyes*, at p. 298.) The court also concluded that defendant could not satisfy subdivision (a)(3) of section 1172.6 because, at the time of his no contest plea, he was not facing broader liability for murder than that allowed following the passage of Senate Bill 1437. (*Ibid*.)

We agree with the *Reyes* court that a defendant like Sherry, who was convicted after Senate Bill 1437 changed our state's murder law, "is not the type of defendant [section 1172.6's] retroactive procedure was intended to benefit, and any contrary interpretation of this statute would lead to absurd results." (*Reyes*, *supra*, 97 Cal.App.5th at p. 299.) Sherry "was not convicted under the prior law, which permitted a theory of murder based on imputed malice. . . . When [Sherry] entered his change of plea, the now invalid theories of murder liability had already been eliminated. Consequently, [Sherry] has already received the benefits of Senate Bill No. 1437." (*Id*. at p. 298.)

That after Sherry pleaded no contest to voluntary manslaughter, Senate Bill 775 "[c]larifie[d] that persons who were convicted of . . . manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories" (Stats. 2021, ch. 551, § 1) does not alter our conclusion that Sherry's prosecution could not have proceeded under the theories of liability that were abrogated by Senate Bill 1437. Although Senate Bill 775 expanded former section 1170.95 by adding defendants with

9

manslaughter convictions to the group of persons potentially eligible for resentencing relief, it did not further amend the law of malice (§ 188) and left intact section 1172.6, subdivision (a)(3)'s original reference to a defendant's inability to be convicted "because of changes to [s]ection 188 or 189 made effective January 1, 2019." (Stats. 2021, ch. 551, § 2.) The language of section 1172.6, subdivision (a)(3) provides that to be eligible for relief, Sherry must have been facing liability beyond that allowed by Senate Bill 1437 at the time of his conviction. (See *Reyes*, *supra*, 97 Cal.App.5th at pp. 298–299.) That circumstance is not present in this case.

### III. DISPOSITION

The trial court's March 8, 2023 order is affirmed.

_____
                                 Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Bromberg, J.

**H050848**
*People v. Sherry*